| | |
|---|---|
| 1 | Eric S. Waxman (SBN 106649) |
|   | eric.waxman@skadden.com |
| 2 | Peter B. Morrison (SBN 230148) |
|   | peter.morrison@skadden.com |
| 3 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|   | 300 South Grand Avenue |
| 4 | Los Angeles, California 90071-3144 |
|   | Telephone:  (213) 687-5000 |
| 5 | Facsimile:  (213) 687-5600 |
| 6 | Of Counsel: |
| 7 | Jay B. Kasner |
|   | jay.kasner@skadden.com |
| 8 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|   | Four Times Square |
| 9 | New York, New York 10036-6522 |
|   | (212) 735-3000 |
| 10 | (212) 735-2000 (fax) |
| 11 | *Attorneys for Specially Appearing Defendants* |
|    | Merrill Lynch & Co., Inc.; Merrill Lynch Mortgage |
| 12 | Investors, Inc.; Merrill Lynch, Pierce, Fenner & Smith |
|    | Incorporated; Merrill Lynch Mortgage Lending, Inc.; |
| 13 | and Merrill Lynch Credit Corporation |

FILED 2009 FEB 13 AM 10:16 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV09-01076 GAF (FFMx)

| | | |
|---|---|---|
| CONNECTICUT CARPENTERS PENSION FUND and CONNECTICUT CARPENTERS ANNUITY FUND, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | CASE NO.: _____ |
| Plaintiffs, | ) ) | NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1453 |
| v. | ) | |
| MERRILL LYNCH & CO., INC.; MERRILL LYNCH MORTGAGE INVESTORS, INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; MERRILL LYNCH MORTGAGE LENDING, INC.; MERRILL LYNCH CREDIT CORPORATION; MATTHEW WHALEN; BRIAN T. SULLIVAN; MICHAEL M. McGOVERN; DONALD C. HAN; and PAUL PARK, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Specially Appearing Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPFS"), Merrill Lynch Mortgage Lending, Inc. ("MLML"), Merrill Lynch Mortgage Investors, Inc. ("MLMII"), Merrill Lynch Credit Corporation ("MLCC"), and Merrill Lynch & Co. ("Merrill") (collectively, the "Removing Defendants"), by and through their undersigned attorneys, hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1453.[1]

1. This Removal presents this Court, the Ninth Circuit and, if necessary, the Supreme Court of the United States with an important issue of law, for which a clear split in authority with the Seventh Circuit has developed. In *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008), a case of first impression, the Ninth Circuit held that nationwide securities class actions that otherwise fall directly within the ambit of the Class Action Fairness Act of 2005 ("CAFA") are, nevertheless, *not* removable if the plaintiffs assert claims under the Securities Act of 1933. *Id.* at 1034. The Removing Defendants respectfully submit that *Luther* should be reconsidered in light of more recent Seventh Circuit and Second Circuit district court authority disagreeing with the *Luther* decision. Other Ninth Circuit precedent, which would question the application of the statutory

---

[1] The Removing Defendants specially appear for the purposes of removal only and for no other purpose, and they reserve all defenses, whether jurisdictional or otherwise, available to them. The consent of the remaining defendants is not required. *See* 28 U.S.C. § 1453(b) (CAFA permits removal "by any defendant *without* the consent of all defendants") (emphasis added).

1
NOTICE OF REMOVAL

construction used by the *Luther* Court in reaching its decision, also supports reconsideration of *Luther*.[2]

**The *Luther* Decision Requires Reconsideration.**

2.  Shortly after the Ninth Circuit decided *Luther*, the Seventh Circuit considered the central legal question in *Luther* – the removability of securities class actions covered by CAFA. *See Katz v. Gerardi*, No. 08-8031, 2009 WL 18137 (7th Cir. Jan. 5, 2009). In an opinion authored by Judge Easterbrook, the Seventh Circuit held that securities class actions covered by CAFA, including claims under the Securities Act of 1933, are removable, specifically acknowledging that it "disagree[d] with *Luther*." *Id.* at *4. In support of the Court's decision, Judge Easterbrook noted:

> *Luther* failed to recognize that § 22(a) of the 1933 Act is not a subset of the 2005 Act. More importantly, *Luther* did not appear to understand that § 1453(d) tells us how the 2005 Act affects securities cases: the ninth circuit did not analyze this language or even acknowledge its existence.

*Id.*

3.  Coming to the same conclusion as that reached by the Seventh Circuit in *Katz*, a federal court in the Southern District of New York criticized *Luther*, holding that "a review of the decisions and the legislative history" demonstrates that the removal provisions of CAFA trump the anti-removal provision of the 1933 Securities Act. *New Jersey Carpenters Vacation Fund v. HarborView Mortgage Loan Trust 2006-4*, 581 F. Supp. 2d 581, 582, 588 (S.D.N.Y. 2008). On January 30, 2009, in apparent recognition that the *Luther* Court did not reach the correct result, the plaintiffs in *New Jersey Carpenters Vacation Fund* dropped their appeal of the order denying their motion to remand. That appeal has been dismissed with prejudice. (*See* Ex. A.)

4.  Because both *Katz* and *New Jersey Carpenters Vacation Fund* were

---

[2] Plaintiffs' assertion that "this action is not properly removable" is based *exclusively* on *Luther*. (Compl. ¶ 15.)

decided after *Luther*, the Ninth Circuit did not have the benefit of these authorities when considering this novel issue of law.

5.  The current split in authority presents not only an opportunity to reconsider *Luther*, but also for the Ninth Circuit to conduct an *en banc* review of this issue. *See* Fed. R. App. P. (9th Cir.) 35-1 ("When the opinion of a panel directly conflicts with an existing opinion by another court of appeals and substantially affects a rule of national application in which there is an overriding need for national uniformity, the existence of such conflict is an appropriate ground for suggesting a rehearing en banc."). In addition, such conflict is ripe for review by the Supreme Court of the United States. *See* Sup. Ct. R. 10 (identifying as a "compelling reason[]" for Supreme Court review that "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter").

6.  Indeed, the current divide in authority led the author of the California district court opinion affirmed by the Ninth Circuit in *Luther*, Judge Pfaelzer, to observe: "Now you've got a conflict between the circuits. *And it's a worthy conflict. And it is deserving of a lot of attention*." (Ex. B (1/9/09 Hr'g Tr. 13:3-4) (emphasis added).) Judge Pfaezler also expressed that she was pleased that this important issue "has been picked up," noting that *Katz*'s rejection of *Luther* was "just what we were hoping would be done somewhere in a Circuit." (*Id.* at Tr. 13:11-12.)

7.  Securities law experts have also criticized *Luther*. The *Luther* decision relied on the cannon of statutory construction suggesting that, when two statutes conflict, an earlier, specific statute should be applied to trump a more recent general statute. Specifically, the *Luther* Court assumed that the 1933 Act was more specific than CAFA and, applying this cannon, held that the anti-removal provision of the 1933 Act trumps the removal provision of CAFA. As Professor Joseph M. McLaughlin observed in his treatise on class actions, however, *Luther* "offered no reasons to support its assertion that the 1933 Act was . . . more specific" than

CAFA. 2 *McLaughlin on Class Actions* § 12:6 (3d ed. 2009). Because the *Luther* decision failed to demonstrate that the 1933 Act was more specific than CAFA, *Luther* failed to establish a central predicate to applying the cannon. *Id.*

8. Professor McLaughlin further observed that "[t]he conclusion in *Luther* is at odds with (i) the intent of Congress in enacting CAFA to expand federal jurisdiction over securities class actions of national import, and (ii) the [fact] that SLUSA and CAFA are part of a coherent mechanism making express provision of federal jurisdiction for all securities cases that have a national impact." *Id.*

9. Consistent with these authorities and Ninth Circuit precedent, a close examination of the *Luther* decision suggests that the *Luther* Court may have misapplied the cannon of statutory construction it relied upon and, therefore, reached an erroneous result. As the *Katz* Court explained, and contrary to *Luther*'s assumption, it is equally plausible that CAFA is *not* broader, but is more narrow than the 1933 Act because CAFA applies *only* to "large, multi-state class actions" and the 1933 Act applies to "all securities actions – single-investor suits as well as class actions." *Katz*, 2009 WL 18137, at *3; *see also SEC v. Glenn W. Turner Enters., Inc.*, 474 F.2d 476, 481 n.5 (9th Cir. 1973) (noting "[t]he broad purpose of the Securities Act of 1933").

10. Moreover, the *Luther* opinion does not devote attention to provisions of CAFA central to understanding its meaning. *See Katz*, 2009 WL 18137, at *3 (noting that the "ninth circuit did not analyze . . . or even acknowledge [Section 1453(d)]"); *see also Harper v. U.S. Seafoods LP*, 278 F.3d 971, 975 (9th Cir. 2002) ("'Our analysis of plain meaning includes an examination of the "language and design of the statute as a whole."'") (citations omitted). Section 1453(d), which sets forth the lone exceptions to removal under CAFA, does not create an exception for the securities claims allegedly at issue here. *See Katz*, 2009 WL 18137, at *4 (observing that "Section 1453(d) leaves *no doubt* about how the 1933 Act, 1934 Act, and 2005 Act fit together") (emphasis added); *see also Blausey v. United States Tr.*,

4
NOTICE OF REMOVAL

__F.3d__, No. 07-15955, 2009 WL 153241, at *7 (9th Cir. Cal. Jan. 23, 2009) ("The general rule of statutory construction is that the enumeration of specific exclusions from the operation of a statute is an indication that the statute should apply to all cases not specifically excluded.").

11.     Significantly, the *Luther* decision also devoted virtually no attention to CAFA's legislative history. *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 834 (9th Cir. 1996) (holding that, upon finding an ambiguity, the court's "approach to statutory interpretation is to look to legislative history").[3] But those courts that have addressed CAFA's legislative history have found that "CAFA overrides the Securities Act's anti-removal provision because this case involves exactly the type of case CAFA was concerned about – a large, non-local securities class action dealing with a matter of national importance, the mortgage-backed securities crisis that is currently wreaking havoc with the national and international economy." *New Jersey Carpenters Vacation Fund*, 581 F. Supp. 2d at 587-88; *see also Pew v. Cardarelli*, 527 F.3d 25, 32 (2d Cir. 2008) (reviewing CAFA's legislative history and concluding that CAFA reflects "an overall design to assure that the federal courts are available for all securities cases that have national impact").

**This Removal Notice Is Timely And Satisfies All Prerequisites.**

12.    Plaintiffs filed the above-captioned putative class action on December 5, 2008 in the Superior Court of the State of California, County of Los Angeles, as case number BC403282. This Notice of Removal is timely because it has been filed

---

[3]  *Radzanower v. Touche Ross & Co.*, 426 U.S. 148 (1976), upon which the *Luther* Court relied, itself states that the statutory cannon used by the *Luther* Court applies *only* if it is not contrary to legislative intent and would not "unduly interfere" with the operation of a general statute that was enacted subsequent to the specific statute. *Id.* at 154-56.

within thirty days of Plaintiffs' purported service of the Complaint on January 16, 2009. *See* 28 U.S.C. § 1446.[4]

13. No previous application has been made by the Removing Defendants for this or similar relief.

14. Written notice of the filing of this Notice of Removal will be given to the adverse parties as required by § 1446(d).

## This Action Meets The Requirements For Removal Under CAFA.

15. This nationwide securities action falls within the original jurisdiction of this Court under CAFA. Pursuant to CAFA, a putative class action commenced after February 18, 2005 may be removed to the appropriate district court if (1) the action purports to be a "class" action brought on behalf of 100 or more members; (2) any member of a class of plaintiffs is a citizen of a State different from any defendant; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d).

16. *This is a class action brought on behalf of over 100 members.* The Plaintiffs purport to assert claims on behalf of a "class" (Comp. ¶ 104) consisting of "thousands of members" (Compl. ¶ 106), which well exceeds the requirements of CAFA. *See* 28 U.S.C. § 1332(d)(1)(B), (5)(B).

17. *The parties satisfy the minimum diversity requirement.* Plaintiffs' Complaint acknowledges that minimal diversity of citizenship exists (*i.e.*, that at least one plaintiff has a different citizenship than any of the defendants), as required by Section 1332(d)(2)(A). The two named Plaintiffs are alleged to be citizens of Connecticut (Compl. ¶ 17), while Defendants MLPFS, MLMII, MLML, and Merrill are alleged to be citizens of New York and Delaware (Compl. ¶¶ 18-21).

---

[4] True and correct copies of all process, pleadings and orders received by Specially Appearing Defendants in the state court action are filed with this Court as Exhibit C.

18.  *The amount-in-controversy exceeds $5 million.*  Finally, this action meets CAFA's amount-in-controversy requirement of $5 million.  28 U.S.C. § 1332(d)(6).  The Plaintiffs claim that the Removing Defendants are liable for allegedly false and misleading statements and/or omissions made in connection with the sale of Certificates with an aggregate principal amount purportedly over $30 billion.  *See* Compl. ¶ 22; *see also id.* ¶¶ 113-15, 123-24, 132-35.  The Plaintiffs further assert that the value of the Certificates has significantly declined due to the alleged securities violations of the Removing Defendants.  *See* Compl. ¶¶ 13, 67.  While the Removing Defendants deny that Plaintiffs or any putative class members are entitled to recover any amount (or any other relief), Plaintiffs plainly seek to recover an aggregate amount well over $5 million.

## CONCLUSION

BASED ON THE FOREGOING, the Removing Defendants hereby remove the above-captioned action, now pending in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

| | |
|---|---|
|1| DATED: February 13, 2009 |

                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                         By: _/s/ Eric Waxman /pm_
                              Eric S. Waxman
                              Peter B. Morrison
                              SKADDEN, ARPS, SLATE,
                                MEAGHER & FLOM LLP
                              300 South Grand Avenue
                              Los Angeles, California 90071-3144
                              (213) 687-5000
                              (213) 687-5600 (fax)

                           *Attorneys for Specially Appearing Defendants*
                           Merrill Lynch & Co., Inc.; Merrill Lynch Mortgage Investors, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Merrill Lynch Mortgage Lending Inc.; and Merrill Lynch Credit Corporation