# EXHIBIT C

1/16 → 2:25p

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 05 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MERRILL LYNCH & CO., INC., MERRILL LYNCH MORTGAGE
INVESTORS, INC., [ADDITIONAL PARTIES ATTACHMENT FORM
IS ATTACHED]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Connecticut Carpenters Pension Fund and Connecticut Carpenters
Annuity Fund, individually and on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of California - Los Angeles County 111 N. Hill Street, Los Angeles, CA 90012 | BC403282 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Evan J. Smith (SBN 242352), Brodsky & Smith, LLC, 9595 Wilshire Blvd., Ste. 900, Beverly Hills, CA
90212 (877) 354-2500/ (310) 300-0160

| DATE: *(Fecha)* DEC 05 2008 | JOHN A. CLARKE, CLERK *(Secretario)* | M. GARCIA | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Merrill Lynch Mortgage Lending, Inc.

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Exhibit C
P. 47

| SHORT TITLE: CT. Carpenters Pension Fund, et al. v Merrill Lynch & Co., et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party):*

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

MERRLL LYNCH, PIERCE, FENNER & SMITH INC.; MERRILL LYNCH MORTGAGE LENDING INC.; MERRILL LYNCH CREDIT CORPORATION; MATHEW WHALEN; BRIAN T. SULLIVAN; MICHAEL M. McGOVERN; DONALD C. HAN; and PAUL PARK, Defendants.

Page __1__ of __1__

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) [New January 1, 1993]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.USCourtForms.com

Exhibit  C  ,
P. 48

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Evan J. Smith (SBN 242352)
Brodsky & Smith, LLC
9595 Wilshire Blvd., Suite 900, Beverly Hills, CA 90212

TELEPHONE NO.: 877-534-2590   FAX NO.: 310-247-0160
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
Connecticut Carpenters Pension Fund, et al. v. Merrill Lynch & Co., et al.

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 0 5 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC403282 |
| | | | JUDGE | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[✓] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*  3
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
December 5, 2008

Evan J. Smith

(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit C ,
P. 49

| SHORT TITLE: | CASE NUMBER |
|---|---|
| CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | BC403282 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 - 6   ☐ HOURS/ ☑ DAYS.

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016  Intellectual Property | 2., 3. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

Exhibit C,
P. 50

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | | |

**Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)**

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |

**Employment**

| | | |
|---|---|---|
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |

**Contract**

| | | |
|---|---|---|
| Breach of Contract/Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |

**Real Property**

| | | |
|---|---|---|
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |

**Unlawful Detainer**

| | | |
|---|---|---|
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**Judicial Review**

| | | |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

Exhibit  C ,
P.  51

| SHORT TITLE. | CASE NUMBER |
|---|---|
| CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☑ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 8.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

Exhibit  C
P.  52

| SHORT TITLE | CASE NUMBER |
|---|---|
| CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: Merrill Lynch & Co., 350 SOUTH GRAND AVE |
|---|---|
| ☑1.☐2.☑3.☐4.☐5.☐6.☐7.☐8.☐9.☐10. | |
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90071 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>December 5, 2008</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Evan J. Smith

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Exhibit C
P. 53

1/16 → 2:20p

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MERRILL LYNCH & CO., INC., MERRILL LYNCH MORTGAGE
INVESTORS, INC., [ADDITIONAL PARTIES ATTACHMENT FORM
IS ATTACHED]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Connecticut Carpenters Pension Fund and Connecticut Carpenters
Annuity Fund, individually and on behalf of all others similarly situated

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 05 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número de Caso):* |
| Superior Court of California – Los Angeles County | **BC403282** |
| 111 N. Hill Street, Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Evan J. Smith (SBN 242352), Brodsky & Smith, LLC, 9595 Wilshire Blvd., Ste. 900, Beverly Hills, CA
90212 (877) 354-2500/ (310) 300-0160

| DATE: | | | Deputy |
|---|---|---|---|
| *(Fecha)* DEC 05 2008 | **JOHN A. CLARKE, CLERK** *(Secretario)* | **M. GARCIA** | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Merrill Lynch Credit Corporation
   under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465

Exhibit C
P. 54

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CT. Carpenters Pension Fund, et al. v Merrill Lynch & Co., et al. | |

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MERRLL LYNCH, PIERCE, FENNER & SMITH INC.; MERRILL LYNCH MORTGAGE LENDING INC.; MERRILL LYNCH CREDIT CORPORATION; MATHEW WHALEN; BRIAN T. SULLIVAN; MICHAEL M. McGOVERN; DONALD C. HAN; and  PAUL PARK, Defendants.

Page ___1___ of ___1___

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) [New January 1, 1993]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.USCourtForms.com

Exhibit ___C___,
P. ___55___

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| — Evan J. Smith (SBN242352)<br>Brodsky & Smith, LLC<br>9595 Wilshire Blvd., Suite 900, Beverly Hills, CA 90212 | |

TELEPHONE NO.: 877-534-2590    FAX NO.: 310-247-0160

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
Connecticut Carpenters Pension Fund, et al. v. Merrill Lynch & Co., et al.

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 0 5 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402). | | BC403282 |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☑ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 3
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
December 5, 2008

(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit C
P. 56

| SHORT TITLE: | CASE NUMBER |
|---|---|
| CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | BC403282 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5–6   ☐ HOURS/☑ DAYS.

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016  Intellectual Property | 2., 3. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

Exhibit C,
P. 57

| SHORT TITLE: CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (Rev. 03/06)

LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 2 of 4

Exhibit C
P. 58

| SHORT TITLE. | CASE NUMBER |
|---|---|
| CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☑ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment | 2., 3., 8. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

CIV 109 03-04 (Rev. 03/05)

LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 3 of 4

Exhibit ___C___
P. _59_

| SHORT TITLE: CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>☑1.☐2.☑3.☐4.☐5.☐6.☐7.☐8.☐9.☐10. | ADDRESS:<br>Merrill Lynch & Co., 350 SOUTH GRAND AVE |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90071 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: December 5, 2008

(SIGNATURE OF ATTORNEY/FILING PARTY)

Evan J. Smith

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Exhibit C ,
P. 60

1/20 → 2:2am

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 05 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MERRILL LYNCH & CO., INC., MERRILL LYNCH MORTGAGE
INVESTORS, INC., [ADDITIONAL PARTIES ATTACHMENT FORM
IS ATTACHED]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Connecticut Carpenters Pension Fund and Connecticut Carpenters
Annuity Fund, individually and on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California - Los Angeles County<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC403282 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Evan J. Smith (SBN 242352), Brodsky & Smith, LLC, 9595 Wilshire Blvd., Ste. 900, Beverly Hills, CA
90212 (877) 354-2500/ (310) 300-0160

| DATE:<br>*(Fecha)*  DEC 05 2008 | JOHN A. CLARKE, CLERK<br>*(Secretario)* | M. GARCIA | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Merrill Lynch Pierce Fenner & Smith Inc.
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

Exhibit C ,
P. 61

| SHORT TITLE: CT. Carpenters Pension Fund, et al. v Merrill Lynch & Co., et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party):*

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

MERRLL LYNCH, PIERCE, FENNER & SMITH INC.; MERRILL LYNCH MORTGAGE LENDING INC.; MERRILL LYNCH CREDIT CORPORATION; MATHEW WHALEN; BRIAN T. SULLIVAN; MICHAEL M. McGOVERN; DONALD C. HAN; and PAUL PARK, Defendants.

Page ___1___ of ___1___

Form Adopted by Rule 982(a)(9)(A)
Juridcal Council of California
982(a)(9)(A) (New January 1, 1993)

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.USCourtForms.com

Exhibit C
P. 62

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CT. Carpenters Pension Fund, et al. v Merrill Lynch & Co., et al. | |

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

MERRLL LYNCH, PIERCE, FENNER & SMITH INC.; MERRILL LYNCH MORTGAGE LENDING INC.; MERRILL LYNCH CREDIT CORPORATION; MATHEW WHALEN; BRIAN T. SULLIVAN; MICHAEL M. McGOVERN; DONALD C. HAN; and PAUL PARK, Defendants.

Page __1__ of __1__

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) [New January 1, 1993]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.USCourtForms.com

Exhibit __C__
P. __63__

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Evan J. Smith (SBN242352)<br>Brodsky & Smith, LLC<br>9595 Wilshire Blvd., Suite 900, Beverly Hills, CA 90212 | |

TELEPHONE NO.: 877-534-2590     FAX NO.: 310-247-0160
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
Connecticut Carpenters Pension Fund, et al. v. Merrill Lynch & Co., et al.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 05 2008

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC403282 |
| | | | JUDGE: | |
| | | | DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [✓] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 3
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
December 5, 2008

(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit C,
P. 64

| SHORT TITLE: CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | CASE NUMBER BC403282 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-6 ☐ HOURS/☑ DAYS.

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| **Applicable Reasons for Choosing Courthouse Location (see Column C below)** |
|---|
| 1. Class Actions must be filed in the County Courthouse, Central District.    6. Location of property or permanently garaged vehicle. |
| 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).    7. Location where petitioner resides. |
| 3. Location where cause of action arose.    8. Location wherein defendant/respondent functions wholly. |
| 4. Location where bodily injury, death or damage occurred.    9. Location where one or more of the parties reside. |
| 5. Location where performance required or defendant resides.    10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016 Intellectual Property | 2., 3. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

Exhibit C
P. 65

| SHORT TITLE: CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | CASE NUMBER |
|---|---|

Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |

Employment

| | | |
|---|---|---|
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Action<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3<br>10. |

Contract

| | | |
|---|---|---|
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |

Real Property

| | | |
|---|---|---|
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |

Judicial Review Unlawful Detainer

| | | |
|---|---|---|
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

Exhibit C
P. 166

| SHORT TITLE. | CASE NUMBER |
|---|---|
| CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☑ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

Exhibit C
P. 67

| SHORT TITLE: | CASE NUMBER |
|---|---|
| CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: Merrill Lynch & Co., 350 SOUTH GRAND AVE |
|---|---|
| ☑1.☐2.☑3.☐4.☐5.☐6.☐7.☐8.☐9.☐10. | |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90071 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>December 5, 2008</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

Evan J. Smith

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

| CIV 109 03-04 (Rev. 03/06) LASC Approved | **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION** | LASC, rule 2.0 Page 4 of 4 |
|---|---|---|

Exhibit C
P. 68

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

*BC403282*

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Mary H. Strobel | 32 | 406 | |
| Hon. Conrad Aragon | 49 | 509 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Helen I. Bendix | 18 | 308 | | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. Elihu M. Berle | 42 | 416 | | Hon. Ann I. Jones | 40 | 414 | |
| Hon. (pending) | 23 | 315 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. (pending) | 33 | 409 | |
| Hon. Soussan G. Bruguera | 71 | 729 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Susan Bryant-Deason | 52 | 510 | | Hon. Rita Miller | 16 | 306 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Victoria Chaney* | 324 | CCW | | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Judith C. Chirlin | 19 | 311 | | Hon. Mary Ann Murphy | 25 | 317 | |
| Hon. Ralph W. Dau | 57 | 517 | | Hon. Joanne O'Donnell | 37 | 413 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Yvette M. Palazuelos | 28 | 318 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Mark Mooney | 68 | 617 | | Hon. Alan S. Rosenfield | 31 | 407 | |
| Hon. William F. Fahey | 78 | 730 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. (pending) | 51 | 511 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Edward A. Ferns | 69 | 621 | | Hon. Ronald M. Sohigian | 41 | 417 | |
| Hon. Kenneth R. Freeman | 64 | 601 | | Hon. Michael C. Solner | 39 | 415 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Elizabeth A. Grimes | 30 | 400 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Paul Gutman | 34 | 408 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Mary Thornton-House | 17 | 309 | |
| | | | | Other | | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/08)
LASC Approved 05-06

### NOTICE OF CASE ASSIGNMENT —
### UNLIMITED CIVIL CASE

Page 1 of 2

Exhibit _C_,
P. _69_

# LOS ANGELES SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint **(Civil only)**.

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a relationship they want to preserve, for example, a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Exhibit C
P. 70

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

---

**DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.**

---

## THIS IS A TWO-SIDED DOCUMENT.

Exhibit C
P. 71

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

Exhibit C
P. 72



*from the*
### LOS ANGELES SUPERIOR COURT
### *ADR DEPARTMENT*

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice
- real estate
- trade secrets
- unfair competition

## *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

- ♦ **ENE can reduce litigation time and costs and promote settlement.**

- ♦ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

- ♦ **ENE is voluntary and confidential.**

- ♦ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

- ♦ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

05/11/06

Exhibit C ,
P. 73

Page 1 of 2

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 05 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MERRILL LYNCH & CO., INC., MERRILL LYNCH MORTGAGE
INVESTORS, INC., [ADDITIONAL PARTIES ATTACHMENT FORM
IS ATTACHED]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Connecticut Carpenters Pension Fund and Connecticut Carpenters
Annuity Fund, individually and on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of California - Los Angeles County<br>111 N. Hill Street, Los Angeles, CA 90012 | BC403282 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Evan J. Smith (SBN 242352), Brodsky & Smith, LLC, 9595 Wilshire Blvd., Ste. 900, Beverly Hills, CA
90212 (877) 354-2500 / (310) 300-0160

| DATE: *(Fecha)* DEC 05 2008 | JOHN A. CLARKE, CLERK | , Deputy |
|---|---|---|
| | M. GARCIA | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons, (POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Merrill Lynch & Co., Inc.

    under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | Code of Civil Procedure §§ 412.20, 465 |

**SUMMONS**

Exhibit C
P. 74

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CT. Carpenters Pension Fund, et al. v Merrill Lynch & Co., et al. | |

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MERRLL LYNCH, PIERCE, FENNER & SMITH INC.; MERRILL LYNCH MORTGAGE LENDING INC.; MERRILL LYNCH CREDIT CORPORATION; MATHEW WHALEN; BRIAN T. SULLIVAN; MICHAEL M. McGOVERN; DONALD C. HAN; and PAUL PARK, Defendants.

Page ___1___ of ___1___

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) [New January 1, 1993]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.USCourtForms.com

Exhibit C,
P. 75

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
— Evan J. Smith (SBN242352)
Brodsky & Smith, LLC
9595 Wilshire Blvd., Suite 900, Beverly Hills, CA 90212

TELEPHONE NO: 877-534-2590    FAX NO: 310-247-0160
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
Connecticut Carpenters Pension Fund, et al. v. Merrill Lynch & Co., et al.

*FOR COURT USE ONLY*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 05 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | | BC103282 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE | |
| | | | DEPT. | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[✓] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 3
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
December 5, 2008

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit C
P. 7C

| SHORT TITLE: CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | CASE NUMBER BC403282 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 5-6 ☐ HOURS/ ☑ DAYS.

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016  Intellectual Property | 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Exhibit C
P. 27

| SHORT TITLE: CT Carpenters Pension Fund et al. v Merrill Lynch. et al. | | CASE NUMBER |

| **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort(Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4


Exhibit C
P. 78

| SHORT TITLE | CASE NUMBER |
|---|---|
| CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☑ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependant Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

Exhibit C,
P. 79

| SHORT TITLE | CASE NUMBER |
|---|---|
| CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☑1.☐2.☑3.☐4.☐5.☐6.☐7.☐8.☐9.☐10. | Merrill Lynch & Co., 350 SOUTH GRAND AVE |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90071 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: December 5, 2008

(SIGNATURE OF ATTORNEY/FILING PARTY)
Evan J. Smith

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Exhibit C
P. 80

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 05 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MERRILL LYNCH & CO., INC., MERRILL LYNCH MORTGAGE
INVESTORS, INC., [ADDITIONAL PARTIES ATTACHMENT FORM
IS ATTACHED]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Connecticut Carpenters Pension Fund and Connecticut Carpenters
Annuity Fund, individually and on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| Superior Court of California - Los Angeles County | BC403282 |
| 111 N. Hill Street, Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Evan J. Smith (SBN 242352), Brodsky & Smith, LLC, 9595 Wilshire Blvd., Ste. 900, Beverly Hills, CA
90212 (877) 354-2590 / (310) 300-0160

DATE:  DEC 05 2008   JOHN A. CLARKE, CLERK   Clerk, by   M. GARCIA   , Deputy
*(Fecha)*                                      *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Merrill Lynch Mortgage Investors, Inc.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

Exhibit C
P. 81

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CT. Carpenters Pension Fund, et al. v Merrill Lynch & Co., et al. | |

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; MERRILL LYNCH MORTGAGE LENDING INC.; MERRILL LYNCH CREDIT CORPORATION; MATHEW WHALEN; BRIAN T. SULLIVAN; MICHAEL M. McGOVERN; DONALD C. HAN; and PAUL PARK, Defendants.

Page ___1___ of ___1___

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) [New January 1, 1993]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.USCourtForms.com

Exhibit _C_,
P. _82_

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Evan J. Smith (SBN242352)<br>Brodsky & Smith, LLC<br>9595 Wilshire Blvd., Suite 900, Beverly Hills, CA 90212 | |

TELEPHONE NO: 877-534-2590   FAX NO (Name): 310-247-0160

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
Connecticut Carpenters Pension Fund, et al. v. Merrill Lynch & Co., et al.

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 05 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

CASE NUMBER:

BC403282

JUDGE

DEPT.

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [✓] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary    b. [✓] nonmonetary; declaratory or injunctive relief    c. [ ] punitive
4. Number of causes of action (specify): 3
5. This case [✓] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
December 5, 2008

Evan Smith
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit C

P. 83

| SHORT TITLE: | CASE NUMBER |
|---|---|
| CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | BC403282 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-6   ☐ HOURS/☑ DAYS.

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016  Intellectual Property | 2., 3. |

| CIV 109 03-04 (Rev. 03/06)<br>LASC Approved | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
|  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
|  | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
|  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
|  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
|  | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
|  | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
|  | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
|  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation  Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
|  | ☐ A6032  Quiet Title | 2., 6. |
|  | ☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4



Exhibit C
P. 82

| SHORT TITLE | CASE NUMBER |
|---|---|
| CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6008  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☑ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

CIV 109 03-04 (Rev. 03/05)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

Exhibit  C
P.  86

| SHORT TITLE: CT Carpenters Pension Fund et al. v Merrill Lynch, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: Merrill Lynch & Co., 350 SOUTH GRAND AVE |
|---|---|
| ☑1.☐2.☑3.☐4.☐5.☐6.☐7.☐8.☐9.☐10. | |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90071 | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court  (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>December 5, 2008</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

Evan J. Smith

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit C,
P. 87

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 0 5 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

| | |
|---|---|
| CONNECTICUT CARPENTERS PENSION FUND and CONNECTICUT CARPENTERS ANNUITY FUND, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>MERRILL LYNCH & CO., INC.; MERRILL LYNCH MORTGAGE INVESTORS, INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; MERRILL LYNCH MORTGAGE LENDING INC.; MERRILL LYNCH CREDIT CORPORATION; MATTHEW WHALEN; BRIAN T. SULLIVAN; MICHAEL M. McGOVERN; DONALD C. HAN; and PAUL PARK,<br><br>                    Defendants. | **CLASS ACTION**<br><br>Case No.   BC403282<br><br>COMPLAINT FOR VIOLATIONS OF SECTIONS 11, 12(A)(2) AND 15 OF THE SECURITIES ACT OF 1933 |

**SUMMARY OF THE ACTION**

1.     This Complaint is brought pursuant to the Securities Act of 1933 (the "Securities Act") by the Connecticut Carpenters Pension Fund and the Connecticut Carpenters Annuity Fund (collectively, "Plaintiffs"), on their own behalf and as a class action on behalf of all persons and entities who purchased or otherwise acquired certain Merrill Lynch Mortgage Trust Certificates (the "Certificates") pursuant or traceable to three registration statements that Merrill Lynch Mortgage Investors, Inc. ("MLMI") filed with the Securities and Exchange Commission ("SEC") on August 5, 2005, December 21, 2005, and February 2, 2007, as subsequently amended (the "Registration Statements").

2.     As set forth below, the Registration Statements, and prospectus supplements that MLMI later filed with the SEC and that were incorporated by reference into the Registration Statements (the "Prospectus Supplements"), contained materially false and misleading

COMPLAINT FOR VIOLATIONS OF SECTIONS 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933                1

Barroway Topaz Kessler Meltzer & Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit __C__ ,
P. __88__

1   statements and omitted to disclose material information in violation of Sections 11, 12(a)(2) and

2   15 of the Securities Act, 15 U.S.C. §§ 77*k*, 77*l*(a)(2), and 77o.  As this Complaint is rooted

3   exclusively in theories of non-fraudulent and/or negligent conduct to which the strict liability

4   provisions of the foregoing statutes apply, it does not allege, and is not intended to allege, any

5   claims or assertions of fraud.

6       3.     Defendant Merrill Lynch & Co. ("Merrill"), the parent company of MLMI, is one

7   of the world's leading wealth management, capital markets and advisory companies, with offices

8   in 38 countries and territories and total client assets of approximately $1.8 trillion.  Through

9   Merrill's wholly-owned subsidiary, Merrill Lynch, Pierce, Fenner & Smith Incorporated

10  ("MLPFS"), Merrill was a leading underwriter of billions of dollars of mortgage backed

11  securities ("MBS"), secured by subprime mortgages originated by entities such as First Franklin

12  Financial ("First Franklin"), located in San Jose, CA, and Own-it Mortgage Solutions ("Ownit")

13  located in Agoura Hills, CA, among others, that were purchased by Merrill Lynch Mortgage

14  Lending, Inc. ("MLML").

15      4.     MLMI pooled together and securitized loans into MBS that were sold to

16  qualifying special purpose entities, in this case referred to as "Trusts".  The Trusts, in turn, sold

17  "Certificates" to the Plaintiffs and the other Class members, which purported to provide monthly

18  distributions of interest and principal received on future cash flows from the mortgages

19  underlying the Trusts.

20      5.     The investment quality of the Certificates was necessarily linked to the quality of

21  the mortgages pooled into each Trust.  MLMI repeatedly assured the Plaintiffs and Class

22  members that (i) the mortgages held by the Trusts were issued to borrowers who satisfied certain

23  thresholds of credit-worthiness, including having the necessary income to repay the loans; and

24  (ii) the real estate that collateralized the loans was subjected to objective and independent real

25  estate appraisals that met the standards of the Uniform Standards of Professional Appraisal

26  ("USPAP").

27

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

2

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit  C  ,
P.  89

6.      In this regard, the Registration Statements and Prospectus Supplements included numerous representations about (i) the quality of the mortgage pools underlying the Trusts, such as the underwriting standards employed to originate the mortgages, the value of the collateral securing the mortgages, and the soundness of the appraisals used to arrive at this value; (ii) the mortgages' loan-to-value ("LTV") ratios; and (iii) other criteria that were used to qualify borrowers for the mortgages.  These representations and others set forth herein were material as they served to qualify the riskiness of the mortgage pool upon which the price of the Certificates depended.

7.      The Certificates issued by each Trust were divided into several classes (or "tranches") that had different priorities of seniority, priorities of payment, exposure to default, and interest payment provisions.   Rating agencies, like Moody's Investors Service, Inc. ("Moody's"), Fitch, Inc. ("Fitch") and/or Standard & Poor's Corporation ("S&P"),[1] rated the investment quality of the Certificates based on information about the quality on all tranches of the mortgages in each mortgage pool and the seniority of the Certificate among the various Certificates issued by each Trust.   These ratings, in part, determined the price at which these Certificates were offered to Plaintiffs and the Class.  As borrowers repaid their mortgage loans, these Certificates entitled Plaintiffs and the Class to receive a pre-determined amount of the monthly interest and principal payments received by the Trust.  If borrowers defaulted or failed to make timely payments on their mortgages, these losses would flow to the Plaintiffs and other Class members based on the seniority of their Certificates.

8.      The highest investment rating used by the Rating Agencies is AAA, which signifies the highest investment grade and suggests that there is very low risk of investment loss or credit risk associated with the security.  Ratings of "AA", "A" and "BBB" represent very high credit quality, high credit quality, and good credit quality, respectively.   There are various

---

[1]  Moody's, Fitch and S&P (collectively the "Rating Agencies") are approved by the SEC as "Nationally Recognized Statistical Rating Organizations" and provide credit ratings which are used to distinguish among grades of creditworthiness of various securities under the federal securities laws.

COMPLAINT FOR VIOLATIONS OF SECTIONS 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

3

Barroway Topaz Kessler Meltzer & Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit  C
P.  90

1  intermediate ratings between BBB and AAA.  Anything rated lower than BBB is considered
2  speculative or "junk," *i.e.,* not investment grade.

3      9.     As alleged more fully below, the Registration Statements and Prospectus
4  Supplements misstated, *inter alia,* the process used to originate loans and the quality of the
5  mortgages that were pooled in the Trusts and used as the financial basis for the Certificates.  In
6  essence, MLMI issued mortgages to borrowers that did not satisfy the requisite eligibility criteria
7  described in the Registration Statements and Prospectus Supplements, thereby rendering the
8  Registration Statements and Prospectus Supplements materially false and misleading.  Likewise,
9  the mortgages held by the Trusts and underlying the Certificates were based on collateral
10  appraisals that overstated the value of the underlying properties, thus exposing the Plaintiffs and
11  Class members to losses in the event of foreclosures.

12      10.    As a result of the material misrepresentations and omissions in the Registration
13  Statements and Prospectus Supplements, investors purchased Certificates that were far riskier
14  than represented, and the values of the Certificates have collapsed as the truth about the quality
15  of the mortgages underlying the Trusts has emerged, as described herein.

16      11.    By late 2007 the mortgages held by the Trusts and underlying the Certificates
17  began suffering accelerating delinquencies and defaults.  The defaults led to real estate
18  foreclosures, which revealed that the properties underlying the mortgages were worth materially
19  less than the loans issued to the borrowers, and the borrowers did not have sufficient financial
20  wherewithal to cover the outstanding mortgage balances.

21      12.    As a consequence of the foregoing, the Rating Agencies issued negative-watch
22  labels and downgraded many of the Certificates, some to below investment grade level.

23      13.    The Certificates continued to diminish in value as the truth became known about
24  the quality of the underlying mortgages as reflected by the increasing delinquencies and
25  foreclosures related to the mortgages underlying the Certificates.  Further falsities were revealed
26  as investors and the market became aware that Defendants had used inflated appraisals of the
27  real estate that collateralized the mortgage pools underlying the Trusts.  These revelations also

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933                4

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit  C ,
P.  91

1   materially and adversely impacted the value of the Certifications.  As a result, the Plaintiffs and

2   other Class members have suffered significant losses and damages.

3                             **JURISDICTION AND VENUE**

4        14.     The claims alleged herein arise under Sections 11, 12(a)(2), and 15 of the

5   Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2) and 77o.

6        15.     This Court has jurisdiction over the subject matter of this action pursuant to

7   Section 22 of the Securities Act, 15 U.S.C. § 77v, which explicitly states that "The district courts

8   of the United States . . . shall have jurisdiction of offenses and violations under this subchapter ...

9   and, concurrent with State and Territorial courts, except as provided in section 77p of this title

10  with respect to covered class actions, of all suits in equity and actions at law brought to enforce

11  any liability or duty created by this subchapter."  Section 22 further provides that, "[e]xcept as

12  provided in section 77p(c) [(Section 16 of the Securities Act)] of this title, no case arising under

13  this subchapter and brought in any State court of competent jurisdiction shall be removed to any

14  court of the United States."  Section 16(c) of the Securities Act refers to "covered class

15  actions."  This action asserts claims under the Securities Act and is not a covered class action

16  within the meaning of Section 16(c), and therefore, pursuant to Section 22 of the Securities Act,

17  this action is not properly removable. *See Luther v. Countrywide Home Loans Servicing LP*, 2008

18  WL 2775483 (9th Cir. July 16, 2008).

19       16.     Venue is proper in this Court because a substantial part of the events underlying

20  Plaintiffs' claims, including the origination of a large percentage of the mortgages backing the

21  securities at issue, occurred in this venue, and many of the witnesses and documents relevant to

22  the parties' claims and defenses are located in the County.

23                                  **PARTIES**

24       17.     Connecticut Carpenters Pension Fund and Connecticut Carpenters Annuity Fund

25  (collectively "Plaintiffs") are located at 10 Broadway, Hamden, Connecticut.  On March 1, 2006,

26  pursuant to and/or traceable to the Registration Statement that MLMI filed with the SEC,

27  Plaintiffs purchased Certificates in Ownit Mortgage Loan Trust, Series 2006-6, and as a direct

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,                    5                    Barroway Topaz Kessler Meltzer &
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933                                              Check, LLP
                                                                              2125 Oak Grove Road, Suite 120
                                                                                   Walnut Creek, CA 94598
                                                                                 Telephone (925) 945-0770

Exhibit  C
P.  92

1  and proximate cause of the false and misleading statements alleged herein, suffered damages

2  when the truth became known and the price of the Certificates dropped.

3      18.     Defendant Merrill Lynch & Co., Inc. ("Merrill") is a Delaware corporation with

4  its principal executive offices located at 250 Vesey Street, 4 World Financial Center, New York.

5  Through its various subsidiaries, Merrill is one of the world's leading wealth management,

6  capital markets and advisory companies.

7      19.     Defendant Merrill Lynch Mortgage Investors, Inc. ("MLMI") is a Delaware

8  corporation with its principal executive offices located at 250 Vesey Street, 4 World Financial

9  Center, New York, New York.  Since its inception in 1986, MLMI has been engaged in the

10 securitization of mortgages and other assets.  MLMI was the issuer of each Trust set forth in ¶22,

11 and issued and sold Certificates pursuant to the following Registration Statements filed with the

12 SEC on Form S-3, as subsequently amended on Form S-3/A:

**Registration No. 333-127233**

| Date Filed | Form Type | Amount Registered |
|---|---|---|
| August 5, 2005 | Reg. St. | $1,000,000 |
| *August 17, 2005* | *Amend. Reg. St.* | *$15,000,000,000* |

**Registration No. 333-130545**

| Date Filed | Form Type | Amount Registered |
|---|---|---|
| December 21, 2005 | Reg. St. | $1,000,000 |
| February 24, 2006 | Amend. Reg. St. | $1,000,000 |
| March 21, 2006 | Amend. Reg. St. | $1,000,000 |
| *March 28, 2006* | *Amend. Reg. St.* | *$35,000,000,000* |

**Registration No. 333-140436**

| Date Filed | Form Type | Amount Registered |
|---|---|---|
| February 2, 2007 | Reg. St. | $1,000,000 |
| *March 7, 2007* | *Amend. Reg. St.* | *$85,000,000,000* |

24     20.     Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPFS") is a

25 Delaware corporation with its principal executive offices located at 250 Vesey Street, 4 World

26 Financial Center, New York, New York, and is a wholly-owned subsidiary of Merrill.  MLPFS

27 underwrote the offering of each Trust identified in ¶22.

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933
6
Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit  C  ,
P.  93

21.     Defendant Merrill Lynch Mortgage Lending, Inc. ("MLML") is a Delaware corporation with its principal executive offices at 250 Vesey Street, 4 World Financial Center, New York, New York, and is a wholly-owned subsidiary of Merrill Lynch Mortgage Capital Inc. and is affiliated with MLMI and MLPFS.  MLML purchases first and second lien residential mortgage loans for securitization, and served as the "sponsor" for many of the Trusts identified in ¶22.

22.     The following chart identifies each Trust issued pursuant to the Registration Statements and the principal amount of the Certificates issued:

| Trust | Principal Amount | % of Pooled Mortgage Properties Located in California | Depositor/ Issuer | Underwriter(s) | Sponsor |
|---|---|---|---|---|---|
| First Franklin Mortgage Loan Trust, Series 2007-FF1 | Approx. $1,987,127,100 | 28.72% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
| First Franklin Mortgage Loan Trust, Series 2007-FF2 | Approx. $2,535,000,100 | 25.28% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
| First Franklin Mortgage Loan Trust, Series 2007-FFA | Approx. $457,685,100 | 32.59% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
| First Franklin Mortgage Loan Trust, Series 2007-FFC | Approx. $744,694,100 | 27.29% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
| First Franklin Mortgage Loan Trust, Series 2006-FF18 | Approx. $2,346,241,100 | 25.78% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
| Merrill Lynch Alternative Note Asset Trust, Series 2007-OAR5 | Approx. $547,540,000 | 53.51% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |

Barroway Topaz Kessler Meltzer & Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit  C  ,
P.  94

| Trust | Principal Amount | % of Pooled Mortgage Properties Located in California | Depositor/ Issuer | Underwriter(s) | Sponsor |
|---|---|---|---|---|---|
| Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-1 | Approx. $2,185,364,100 | 21.39% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc. |
| Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-2 | Approx. $1,937,062,100 | 16.38% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | First Franklin Financial Corporation |
| Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-3 | Approx. $1,835,617,100 | 17.47% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | First Franklin Financial Corporation |
| Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-4 | Approx. $1,547,200,100 | 17.40% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | First Franklin Financial Corporation |
| Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-5 | Approx. $653,458,100 | 23.24% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | First Franklin Financial Corporation |
| Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-A | Approx. $219,636,100 | 24.93% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | First Franklin Financial Corporation |
| Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-H1 | Approx. $830,878,100 | 21.22% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | First Franklin Financial Corporation |
| Merrill Lynch Mortgage Investors Trust, Series 2007-HE1 | Approx. $1,130,135,100 | 30.93% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc. |
| Merrill Lynch Mortgage Investors Trust, Series 2007-HE2 | Approx. $1,161,681,100 | 33.35% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc. |
| Merrill Lynch Mortgage Investors Trust, Series 2006-FF1 | Approx. $2,280,872,100 | 32.94% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc. |

COMPLAINT FOR VIOLATIONS OF SECTIONS 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

8

Barroway Topaz Kessler Meltzer & Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C
P. 95



| Trust | Principal Amount | % of Pooled Mortgage Properties Located in California | Depositor/ Issuer | Underwriter(s) | Sponsor |
|-------|-----------------|------------------------------------------------------|-------------------|----------------|---------|
| Merrill Lynch Mortgage Investors Trust, Series MLCC 2006-1 | Approx. $472,749,000 | 17.16% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc. |
| Ownit Mortgage Loan Trust, Series 2006-1 | Approx. $674,966,000 | 59.03% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Credit-Based Asset Servicing and Securitization LLC |
| Ownit Mortgage Loan Trust, Series 2006-2 | Approx. $533,541,100 | 39.88% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending Inc. |
| Ownit Mortgage Loan Trust, Series 2006-3 | Approx. $526,398,100 | 37.56% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending Inc. |
| Ownit Mortgage Loan Trust, Series 2006-4 | Approx. $770,864,100 | 32.60% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending Inc. |
| Ownit Mortgage Loan Trust, Series 2006-5 | Approx. $452,071,100 | 28.90% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending Inc. |
| Ownit Mortgage Loan Trust, Series 2006-6 | Approx. $407,900,100 | 30.21% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending Inc. |
| Ownit Mortgage Loan Trust, Series 2006-7 | Approx. $656,549,100 | 33.82% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending Inc. |
| Specialty Underwriting and Residential Finance Trust, Series 2007-AB1 | Approx. $343,700,100 | 26.51% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
| Specialty Underwriting and Residential Finance Trust, Series 2007-BC1 | Approx. $789,110,100 | 22.04% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
|  |  |  |  |  |  |

COMPLAINT FOR VIOLATIONS OF SECTIONS 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

9

Barroway Topaz Kessler Meltzer & Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit 4,
P. 96



| Trust | Principal Amount | % of Pooled Mortgage Properties Located in California | Depositor/ Issuer | Underwriter(s) | Sponsor |
|---|---|---|---|---|---|
| Specialty Underwriting and Residential Finance Trust, Series 2007-BC2 | Approx. $370,500,100 | 20.64% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
| Specialty Underwriting and Residential Finance Trust, Series 2006-AB1 | Approx. $466,211,100 | 18.42% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc. |
| Specialty Underwriting and Residential Finance Trust, Series 2006-AB2 | Approx. $380,200,100 | 20.83% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc. |
| Specialty Underwriting and Residential Finance Trust, Series 2006-AB3 | Approx. $412,248,100 | 28.08% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
| Specialty Underwriting and Residential Finance Trust, Series 2006-BC1 | Approx. $1,423,500,100 | 21.67% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
| Specialty Underwriting and Residential Finance Trust, Series 2006-BC2 | Approx. $759,980,100 | 25.51% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
| Specialty Underwriting and Residential Finance Trust, Series 2006-BC3 | Approx. $818,550,100 | 19.23% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
| Specialty Underwriting and Residential Finance Trust, Series 2006-BC4 | Approx. $1,059,300,100 | 25.22% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |
|  |  |  |  |  |  |

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

10

Barroway Topaz Kessler Meltzer,&
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C
P. 97

| Trust | Principal Amount | % of Pooled Mortgage Properties Located in California | Depositor/ Issuer | Underwriter(s) | Sponsor |
|-------|-----------------|--------------------------------|------------------|----------------|---------|
| Specialty Underwriting and Residential Finance Trust, Series 2006-BC5 | Approx. $829,099,100 | 24.29% | Merrill Lynch Mortgage Investors, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Lending, Inc |

23.     Defendant Matthew Whalen ("Whalen") was, at relevant times, MLMI's President and Chairman.  Whalen signed the August 5, 2005 Registration Statement, August 17, 2005 Amended Registration Statement, December 21, 2005 Registration Statement, February 24, 2006 Amended Registration Statement, March 21, 2006 Amended Registration Statement and March 28, 2006 Amended Registration Statement.

24.     Defendant Brian T. Sullivan ("Sullivan") was, at relevant times, MLMI's Vice President, Treasurer, Principal Financial Officer and Controller.  Sullivan signed MLMI's August 17, 2005 Amended Registration Statement, December 21, 2005 Registration Statement, February 24, 2006 Amended Registration Statement, March 21, 2006 Amended Registration Statement, March 28, 2006 Amended Registration Statement, February 2, 2007 Registration Statement and March 7, 2007 Amended Registration Statement.

25.     Defendant Michael M. McGovern ("McGovern") was, at relevant times, a MLMI Director.  McGovern signed MLMI's August 5, 2005 Registration Statement, August 17, 2005 Amended Registration Statement, December 21, 2005 Registration Statement, February 24, 2006 Amended Registration Statement, March 21, 2006 Amended Registration Statement, March 28, 2006 Amended Registration Statement, February 2, 2007 Registration Statement and March 7, 2007 Amended Registration Statement.

26.     Defendant Donald C. Han ("Han") was, at relevant times, MLMI's Treasurer.  Ham signed MLMI's August 5, 2005 Registration Statement.

COMPLAINT FOR VIOLATIONS OF SECTIONS 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

11

Barroway Topaz Kessler Meltzer & Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C ,
P. 48

27.     Defendant Paul Park ("Park") was, at relevant times, MLMI's President and Chairman.  Park signed MLMI's February 2, 2007 Registration Statement and March 7, 2007 Amended Registration Statement.

28.     Defendants Whalen, Sullivan, McGovern, Han, and Park are collectively referred to hereinafter as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.     The Mortgage Industry and Mortgage Securitization

29.     A mortgage loan traditionally involved a lending institution (*i.e.*, the loan originator) extending a loan to a prospective home buyer who would pay back the loan with interest.  The lender held the loan to maturity and had a direct and continuing financial interest in the property and the home buyer's ability to repay the loan.

30.     To protect its financial exposure, the loan originator unusually held a lien against the home as collateral in the event the home buyer defaulted on the mortgage.  As such, under the traditional model, the loan originator had a financial incentive to ensure that the home buyer had the financial wherewithal and ability to repay the loan, and the underlying property had sufficient value to enable the loan originator to recover its principal and interest in the event the home buyer defaulted on the loan.

31.     Beginning in the 1980s, the traditional model of loan origination changed.  Instead of holding mortgages to maturity, loan originators began to sell the mortgages they originated to third-party financial institutions.  By selling the mortgages, the loan originator obtains fees associated with having issued the mortgages, receives immediate proceeds (as opposed to payments over a 30-year period) when it sells the mortgages, and thus has new capital to originate more mortgages.

32.     Third party financial institutions, such as MLMI, pool together the mortgages in an investment vehicle commonly referred to as a mortgage backed securities (or "MBS"), which is then sold to the investing public.  In addition to receiving proceeds from the sale of mortgages, which are then used to finance new mortgages, the loan originator no longer bears any risk that

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120 .
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit  C ,
P.  99

1  the borrowers may default since that risk is transferred with the mortgages to the investors of the

2  MBS.

3        33.    Mortgage securitization is a structured finance process in which mortgage loans

4  are acquired, pooled together into a Trust, and then sold to investors, who acquire rights in the

5  income flowing from the mortgage pools.  The Trust receives the future cash-flow from the

6  mortgage borrowers when they make interest and principal payments as required by the

7  underlying mortgages.  The cash is then distributed to the holders of the MBS Certificates in

8  order of priority based on the specific tranche held by the MBS investors.  The highest tranche

9  (also referred to as the senior tranche) is the first to receive its share of the mortgage payments.

10  Since the senior tranche is *first* to receive payments, it is also the *last* tranche to absorb any losses

11  should mortgage-borrowers become delinquent or default on their mortgage.  As a result, the

12  senior tranches of most MBS were rated AAA by Moody's Corp., Fitch Inc., and Standard &

13  Poors (S&P).  After the senior tranche, the middle tranches (referred to as mezzanine tranches) are

14  next to receive their share of the payments.  In accordance with their order of priority, the

15  mezzanine tranches were generally rated from AA to BB by the Rating Agencies.  The process

16  of distributing the mortgage payments continues down the tranches through to the bottom tranches,

17  referred to as equity tranches.  This process is repeated each month and all investors receive the

18  mortgage payments owed to them so long as the mortgage-borrowers are current on their

19  mortgages.

20        34.    As illustrated below, in the typical securitization transaction, participants in the

21  transaction are the sponsor (who is often also the loan servicer), the depositor, the

22  underwriter, the trust and investors.  On the closing date of a trust series, the mortgage loans

23  supporting the trust are first sold by the sponsor of the securitization transaction to the depositor in

24  return for cash.  This has the effect of removing the loans from the sponsor's financial

25  statements.  The depositor (in this case MLMI) then sells those mortgage loans and related

26  assets to the trust, in exchange for the trust issuing certificates to the depositor.  The depositor

27

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933 ·
             13

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120 ·
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C,
P. 100

then works with the underwriter (in this case MLPFS) of the trust to price and sell the certificates to investors in exchange for cash.



35.     Thereafter, the mortgage loans supporting the trusts are serviced by a loan servicer that earns monthly servicing fees by collecting principal and interest from mortgagors. After subtracting a servicing fee, the servicer sends the remainder of the payments to a trustee for administration and distribution to the trust, and ultimately, to investors.

36.     In this Action, the Certificates sold to the Plaintiffs and other Class members were sold pursuant to a prospectus that was affixed to the Registration Statement, and a series of Prospectus Supplements filed with the SEC in accordance with Rule 424(b)(5), as identified below:

> (a) Prospectus Supplement for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-FF1;
>
> (b) Prospectus Supplement for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-FF2;
>
> (c) Prospectus Supplement for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-FFA;
>
> (d) Prospectus Supplement for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-FFC;
>
> (e) Prospectus Supplement for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2006-FF18;

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933                    14                    Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C ,
P. 101

(f)  Prospectus Supplement for Merrill Lynch Alternative Loan Asset Trust Series 2007-OAR5;

(g)  Prospectus Supplement for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-1;

(h)  Prospectus Supplement for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-2;

(i)  Prospectus Supplement for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-3;

(j)  Prospectus Supplement for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-4;

(k)  Prospectus Supplement for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-5;

(l)  Prospectus Supplement for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-A;

(m)  Prospectus Supplement for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-H1;

(n)  Prospectus Supplement for Merrill Lynch Mortgages Investors Trust, Mortgage Loan Asset-Backed Certificates Series 2007-HE1;

(o)  Prospectus Supplement for Merrill Lynch Mortgages Investors Trust, Mortgage Loan Asset-Backed Certificates Series 2007-HE2;

(p)  Prospectus Supplement for Merrill Lynch Mortgages Investors Trust, Mortgage Loan Asset-Backed Certificates Series 2006-FF1;

(q)  Prospectus Supplement for Merrill Lynch Mortgages Investors Trust, Series MLCC 2006-1;

(r)  OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-1;

(s)  OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-2;

(t)  OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-3;

(u)  OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-4;

(v)  OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-5;


Exhibit ___C___
P. __102__

(w) OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-6;

(x) OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-7;

(y)    Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2007-AB1;

(z)    Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2007-BC1;

(aa)    Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2007-BC2;

(bb)    Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-AB1;

(cc)    Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-AB2;

(dd)    Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-AB3;

(ee)    Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-BC1;

(ff)    Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-BC2;

(gg)    Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-BC3;

(hh)    Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-BC4;

(ii)    Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2007-BC5.

**B.    Importance of Defendants' Representations Concerning MLMI's Loan Underwriting Standards**

37.    Because pooled mortgage loans represent the sole asset of each Trust, the ability to collect the principal and interest on mortgages collateralizing a Trust is a fundamental metric upon which a Trust is valued. Therefore, certain characteristics of the mortgage loans, such as a



Exhibit C,
P. 103

1   borrower's creditworthiness and his or her ability to repay the loan, the interest rates owed on the

2   mortgage loans, and the loan-to-value of the properties being mortgaged, potentially affects the

3   yield on the Certificates and their corresponding value, and thus is material information to

4   potential investors.   These characteristics are factors that help predict the likelihood of a

5   borrower defaulting or becoming delinquent on a mortgage obligation, and therefore speak to the

6   value and risks associated with purchasing a Certificate.

7           38.     Accordingly, each of the Registration Statements and Prospectus Supplements

8   contained representations concerning the standards reportedly used to underwrite the mortgages

9   that comprised the Trusts. For example, all of the Registration Statements represented that:

> All of the mortgage loans were either originated by [Merrill Lynch
> Credit Corporation] pursuant to a private label relationship with …
> or acquired by [Merrill Lynch Credit Corporation] in the course of
> its correspondent lending activities and underwritten in accordance
> with [Merrill Lynch Credit Corporation] underwriting guidelines
> as in effect at the time of origination.

14          39.     Similarly, all of the Registration Statements represented that:

> Substantially  all  of  the  Mortgage  Loans  were  originated  by
> [SERVICER]  on  behalf  of  [Merrill  Lynch  Credit  Corporation]
> ("*[MLCC]*")  in  accordance  with  [MLCC]  underwriting
> parameters…

> All of the Mortgage Loans will be assigned to the issuing entity by
> the Depositor, which, in turn, will acquire them from the Seller
> pursuant to a mortgage loan purchase agreement (the "*Mortgage
> Loan Purchase Agreement*") between the Depositor and the Seller.
> The Mortgage Loans have been acquired by the Seller from
> [MLCC] in the ordinary course of its business. All of the Mortgage
> Loans  were  underwritten  substantially  in  accordance  with  the
> [MLCC] underwriting criteria specified herein.

23          40.     Similarly, all of the Registration Statements indicated the importance of loan

24  underwriting standards and expressed compliance with applicable federal, state or local anti-

25  predatory or anti-abusive lending laws.

26

27

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933                    17                   Barroway Topaz Kessler Meltzer &
                                                                                      Check, LLP
                                                                                      2125 Oak Grove Road, Suite 120
                                                                                      Walnut Creek, CA 94598
                                                                                      Telephone (925) 945-0770

Exhibit C ,
P. 104

41.     Further, with regard to loan origination standards and underwriting guidelines, the Registration Statements issued on March 28, 2006 and March 7, 2007 also stated:

> [Merrill Lynch Credit Corporation] underwriting guidelines are applied to evaluate an applicant's credit standing, financial condition, and repayment ability, as well as the value and adequacy of the mortgaged property and Additional Collateral, if any, as collateral for any loan made by [Merrill Lynch Credit Corporation]. As part of the loan application process, the applicant is required to provide information concerning his or her assets, liabilities, income, and expenses (except as described below), along with an authorization permitting [Merrill Lynch Credit Corporation] to obtain any necessary third-party verifications, including a credit report summarizing the applicant's credit history.

**C.     MLMI's Underwriting Standards Deviated from Representations in the Registration Statements and Prospectus Supplements**

42.     As has now been revealed, loan originators systemically disregarded and/or manipulated the income, assets and employment status of borrowers who obtained mortgage loans in order to qualify these borrowers for mortgages that were then pooled and sold to the Trusts. This was accomplished by inflating a borrowers' stated income, or facilitating income inflation by encouraging ineligible borrowers to resort to "no documentation loans" and "stated income loans." In other cases, borrowers were steered to more expensive, higher interest loans, such as subprime and "alternative" mortgages, to increase the supply of mortgages that could then be sold to the secondary mortgage markets.

43.     MLMI failed to disclose that it had dampened mortgage loan underwriting criteria in an effort to boost loan production, and thereby increase the securitization of MBS. For example, Ownit was instructed to "*materially lower its underwriting standards so Merrill had access to a greater number of subprime mortgages,*" according to a Verified Second Amended Shareholder Derivative Class Action Complaint in an action captioned *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, Master File No. 07-CV-09633 (S.D.N.Y. Sept. 23, 2008).

Exhibit  C,
P.  105

44.     Press reports and articles published at the end of the relevant period further highlight the excessive lending and lax underwriting standards applied by Merrill during the relevant time period, when the mortgages supporting the Trusts were originated.  For example, on December 6, 2007, *The New York Times* published an article entitled "Wary of Risk, Bankers Sold Shaky Debt," which stated, in relevant part:

> As the subprime loan crisis deepens, Wall Street firms are increasingly coming under scrutiny for their role in selling risky mortgage-related securities to investors.
>
> Many of the home loans tied to these investments quickly defaulted, resulting in billions of dollars of losses for investors. At the same time, many of the companies that sold these securities, concerned about a looming meltdown in the housing market, protected themselves from losses.
>
> *            *            *
>
> The New York attorney general, Andrew M. Cuomo, has subpoenaed major Wall Street banks, including Deutsche Bank, Merrill Lynch and Morgan Stanley, seeking information about the packaging and selling of subprime mortgages. And the Securities and Exchange Commission is examining how Wall Street companies valued their own holdings of these complex investments.
>
> *            *            *
>
> Nevertheless, the loans that many banks packaged are proving to be increasingly toxic.  Almost a quarter of the subprime loans that were transformed into securities by Deutsche Bank, Barclays and Morgan Stanley last year are already in default, according to Bloomberg.   About a fifth of the loans backing securities underwritten by Merrill Lynch are in trouble.
>
> *            *            *
>
> The data raises questions about how closely Wall Street banks scrutinized these loans, many of them made at low teaser rates that will reset next year to higher levels.
>
> *            *            *
>
> At the center of the boom in mortgages for borrowers with weak credit was Wall Street's once-lucrative partnership with subprime

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

19

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit *C*
P. 106

lenders. This relationship was a driving force behind the soaring home prices and the spread of exotic loans that are now defaulting in growing numbers. By buying and packaging mortgages, Wall Street enabled the lenders to extend credit even as the dangers grew in the housing market.

"There was fierce competition for these loans," said Ronald F. Greenspan, a senior managing director at FTI Consulting, which has worked on the bankruptcies of many mortgage lenders. "They were a major source of revenues and perceived profits for both the originators and investment banks."

45.  Similarly, on February 8, 2008, *The Wall Street Journal* published an article entitled "Prosecutors Widen Probes Into Subprime – U.S. Attorney's Office Seeks Merrill Material; SEC Upgrades Inquiry," which reported, in relevant part:

Federal criminal prosecutors are stepping up their interest in Wall Street's mortgage-securities activities.

The Justice Department's U.S. attorney's office in Manhattan, based near Wall Street, has notified the Securities and Exchange Commission that it wants to see information the agency is gathering in its investigation of Merrill Lynch & Co., according to people familiar with the matter. The SEC is examining, among other things, whether the securities firm booked inflated prices of mortgage bonds it held despite knowledge that the valuations had dropped, the people say.

The move by the U.S. attorney's office comes as the SEC has upgraded its Merrill probe to a formal investigation, which requires approval of the full commission and gives the agency broad power to require firms and individuals to produce information.

The interest by the federal prosecutors is preliminary; it is unclear whether the SEC has turned over information. But the U.S. attorney's office request could be a precursor to a criminal investigation, these people say.

A spokeswoman for the Manhattan U.S. attorney's office declined to comment. A Merrill spokesman said the firm had no comment, except to say that Merrill cooperates on regulatory matters when asked.

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C
P. 107

1    The interest of the Manhattan U.S. attorney's office follows a
2    series of investigations being pursued by state and federal
regulators with criminal and civil enforcement powers around the
3    nation into the financial industry in the wake of the mortgage-
securities market collapse....

4

**D.   MLMI's Appraisals Were Not Performed In Accordance with Industry**
5    **Accepted Appraisal Standards**

6    46.   In addition to misrepresentations concerning underwriting standards used for

7 mortgages that comprise the Trusts, the Registration Statements and Prospectus Supplements

8 contained material misrepresentations concerning the standards for appraising value of the properties

9 that secured the loans.

10    47.   Independent and accurate real-estate appraisals are essential to the entire mortgage

11 lending and securitization process, providing borrowers, lenders, and investors in MBS with

12 supposedly independent and accurate assessments of the value of the mortgaged properties.

13 Accurate appraisals ensure that a mortgage or home equity loan is not under-collateralized,

14 thereby protecting borrowers from financially over-extending themselves and protecting lenders and

15 investors in MBS in the event a borrower defaults on a loan.  Accurate appraisals also

16 provide investors with a basis for assessing the price and risk of MBS.

17    48.   As an accurate appraisal is also critical in determining the LTV ratio, which is a

18 financial metric that Wall Street analysts and investors commonly use when evaluating the

19 price and risk of MBSs.  The LTV ratio is a mathematical calculation that expresses the

20 amount of a mortgage as a percentage of the total appraised value of the property.  For

21 example, if a borrower seeks to borrow $90,000 to purchase a house worth $100,000, the LTV

22 ratio is $90,000/$100,000, or 90 percent.  If, however, the appraised value of the house is

23 artificially increased $120,000, the LTV ratio drops to just 75 percent ($90,000/$120,000).

24    49.   From a lender's perspective, a high LTV ratio is riskier because a borrower with a

25 small equity position in a property has less to lose if he/she defaults on the loan.  Worse,

26 particularly in an era of falling housing prices, a high LTV ratio creates the heightened risk

27

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933
    21    
Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770



Exhibit C
P. 108

1  that, should the borrower default, the amount of the outstanding loan may exceed the value

2  of the property.

3      50.   Real estate appraisals are governed by The Uniform Standards of Professional

4  Appraisal Practices "(USPAP"), which are the generally accepted standards for professional

5  appraisal practice in North America, promulgated by the Appraisal Standards Board of the

6  Appraisal Foundation, as authorized by Congress.   With respect to real estate appraisals, the

7  USPAP requires:

8           An appraiser must perform assignments with impartiality,
            objectivity, and independence, and without accommodation of
9           personal interests;

10          In appraisal practice, an appraiser must not perform as an
11          advocate for any party or issue;

12          An appraiser must not accept an assignment that includes the
            reporting of predetermined opinions and conclusions; and
13

14          It is unethical for an appraiser to accept an assignment, or to have a
            compensation arrangement for an assignment, that is contingent on
15          any of the following: 1. the reporting of a predetermined result
            (e.g., opinion of value); 2. a direction in assignment results that
16          favors the cause of the client; 3. the amount of a value opinion; 4.
            the attainment of a stipulated result; or 5. the occurrence of a
17          subsequent event directly related to the appraiser's opinions and
            specific to the assignment's purpose.
18

19

20      51.   The Registration Statements issued on March 28, 2006 and March 7, 2007

21  contained statements concerning the purported value of the collateral underlying the mortgages

22  pooled in the Trusts and the appraisals by which such values were obtained.   Specifically, the

23  Registration Statements made the following representations:

24          In determining the adequacy of the property as collateral for the
            loan, a Fannie Mae/Freddie Mac conforming appraisal of the
25          property is performed by an independent appraiser...
            The appraiser is required to inspect the property and verify that it is
26          in good condition and that renovation or construction, if new, has
            been completed.   The appraisal report indicates a value for the
27          property and provides information concerning marketability, the

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933                   22                Barroway Topaz Kessler Meltzer &
                                                                                Check, LLP
                                                                          2125 Oak Grove Road, Suite 120.
                                                                            Walnut Creek, CA 94598
                                                                          Telephone (925) 945-0770

Exhibit  C  ,
P.  109

neighborhood, the property site, interior and exterior improvements, and the condition of the property. For certain refinance transactions, MLCC typically will accept (a) the recertification or appraisal update of a previously prepared appraisal if the applicant can produce an appraisal that was prepared approximately twelve months or less from the date of the application for the MLCC loan; or (b) an FNMA Form 2055 "short form" appraisal (e.g., no interior inspection) if the applicant can produce an appraisal that was prepared roughly between twelve and twenty-four months from the date of the application for the MLCC loan.  Most of the aforementioned appraisals may have been procured by STARS, an affiliate of PHH.

\*     \*     \*

MLCC originates loans through mortgage brokers that are not affiliated with MLCC under its Mortgage Broker Program.  The mortgage brokers solicit the prospective borrower and process the documentation described above for such borrower's loan. Personnel of PHH review such documentation and underwrite the loan in accordance with the above-described underwriting standards.  In that regard, the related appraisals are either conducted or reviewed by appraisers who are approved by PHH on MLCC's behalf.  Such loans are closed in the name of, and funded by, MLCC.

52.     Each Supplemental Prospectus included substantially similar language.   For example, the Merrill Lynch Mortgage Investors Trust, Series 2006-FF1 Supplemental Prospectus stated:

In accordance with First Franklin Financial's guidelines for acquisition, the third party originators are required to comply with applicable federal and state laws and regulations and generally require an appraisal of the mortgaged property which conforms to Freddie Mac and/or Fannie Mae standards; and if appropriate, a review appraisal. Generally, appraisals are provided by appraisers approved by First Franklin Financial. Review appraisals may only be provided by appraisers approved by First Franklin Financial.  In some cases, the third party originator may rely on a statistical appraisal methodology provided by a third party.

Qualified independent appraisers must meet minimum standards of licensing and provide errors and omissions insurance in states

Barroway Topaz Kessler Meltzer & Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit  C,
P. 110

where it is required to become approved to do business with the third party originators. Each Uniform Residential Appraisal Report includes a market data analysis based on recent sales of comparable homes in the area and, where deemed appropriate, replacement cost analysis based on the current cost of constructing a similar home. The review appraisal may be an enhanced desk, field review or an automated valuation report that confirms or supports the original appraiser's value of the mortgaged premises. The review appraisal may be waived by a Standard Plus Delegated Underwriter.

53.     Each of the Registration Statements also contained the method by which the LTVs of the mortgages contained in the Trusts were calculated, stating:

The "*Loan-to-Value Ratio*" of a Mortgage Loan at any given time is the ratio (expressed as a percentage) of the then outstanding principal balance of the Mortgage Loan plus the principal balance of any senior mortgage loan to the Value of the related Mortgaged Property. If specified in the related Prospectus Supplement, the Loan-to-Value Ratio of certain Mortgage Loans may exceed 100%. The "Value" of a Mortgaged Property, other than with respect to Refinance Loans, is generally the lesser of:

(a)     the appraised value determined in an appraisal obtained by the originator at origination of such loan and

(b)     the sales price for such property.

"Refinance Loans" are loans made to refinance existing loans. Unless otherwise set forth in the related Prospectus Supplement, the Value of the Mortgaged Property securing a Refinance Loan is the appraised value thereof determined in an appraisal obtained at the time of origination of the Refinance Loan. The Value of a Mortgaged Property as of the date of initial issuance of the related series of Certificates may be less than the value at origination and will fluctuate from time to time based upon changes in economic conditions and the real estate market.

Each Supplemental Prospectus for the Trusts at issue contained identical language, and also reported the range of LTV ratios and the weighted original LTV ratio for the mortgage loans contained in each Trust.

54.     During the period that MLMI issued the Registration Statements and Prospectus Supplements, and sold the Certificates, the appraisals of properties underlying the pooled

COMPLAINT FOR VIOLATIONS OF SECTIONS 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

24

Barroway Topaz Kessler Meltzer & Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit _C_,
P. _11_

mortgages in the Trusts did not comport with the standards disclosed in the offering materials for the Certificates by virtue of having either failed to procure an independent appraisal, or having inflated the appraised values of properties in mortgage applications and loans.

**E.      MLMI Performed Inadequate Due Diligence on the Quality of the Loans that Comprised the Trusts**

55.    According to the March 2008 policy statement issued by the President's Working Group, "[a]though market participants had economic incentives to conduct due diligence... the steps taken were insufficient."

56.    Upon information and belief, when it securitized the Trusts, MLMI received due diligence reports from the Bohan Group ("Bohan") and Clayton Holdings, Inc. ("Clayton") regarding whether the loans to be included in a particular Trust complied with the law and met the lending standards that mortgage companies, such as Merrill, said that they were using.

57.    In June 2007, the New York Attorney General, Andrew Cuomo, ("NYAG") subpoenaed documents from Bohan and Clayton related to their due diligence efforts on behalf of the investment banks, such as Merrill, that underwrote mortgage backed securities. The NYAG, along with Massachusetts, Connecticut and the SEC (all of which also subpoenaed documents) are investigating whether investment banks held back information they should have provided in the disclosure documents related to the sale of mortgage backed securities to investors.

58.    In a January 12, 2008 article tiled "Inquiry Focuses on Withholding of Data on Loans", *The New York Times* reported,

Barroway Topaz Kessler Meltzer & Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit  C,
P. 112

An investigation into the mortgage crisis by New York State prosecutors is now focusing on whether Wall Street banks withheld crucial information about the risks posed by investments linked to subprime loans.

Reports commissioned by the banks raised red flags about high-risk loans known as exceptions, which failed to meet even the lax credit standards of subprime mortgage companies and the Wall Street firms. But the banks did not disclose the details of these reports to credit-rating agencies or investors.

The inquiry, which was opened last summer by New York's attorney general, Andrew M. Cuomo, centers on how the banks bundled billions of dollars of exception loans and other subprime debt into complex mortgage investments, according to people with knowledge of the matter. Charges could be filed in coming weeks.

\*　　\*　　\*

To vet mortgages, Wall Street underwriters hired outside due diligence firms to scrutinize loan documents for exceptions, errors and violations of lending laws. But Jay H. Meadows, the chief executive of Rapid Reporting, a firm based in Fort Worth that verifies borrowers' incomes for mortgage companies, said lenders and investment banks routinely ignored concerns raised by these consultants.

"Common sense was sacrificed on the altar of materialism," Mr. Meadows said. "We stopped checking."

59.     On January 27, 2008, Clayton, the nation's largest provider of mortgage due diligence services to investment banks, revealed that it had entered into an agreement with the NYAG for immunity from civil and criminal prosecution in the state of New York in exchange for agreeing to provide additional documents and testimony regarding its due diligence reports, including copies of the actual reports provided to its clients. On the same day, both *The New York Times* and the *Wall Street Journal* ran articles describing the nature of the NYAG's investigation and Clayton's testimony. The *Wall Street Journal* reported that the NYAG's investigation is focused on "the broad language written in prospectuses about the risky nature of these securities changed little in recent years, even as due diligence reports noted that the number

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933                26                Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite.120
Walnut Creek, CA 94598
Telephone (925) 945-0770



Exhibit　C
P.　113

1   of exception loans backing the securities was rising." According to the *New York Times* article,

2   Clayton told the NYAG "that starting in 2005, it saw a significant deterioration of lending

3   standards and a parallel jump in lending expectations" and "some investment banks directed

4   Clayton to halve the sample of loans it evaluated in each portfolio."

5        60.    A March 23, 2008 *Los Angeles Times* article reported that Clayton and Bohan

6   employees (including, specifically, eight former reviewers who were interviewed for the article)

7   "raised plenty of red flags about flaws [in subprime home loans] so serious that mortgages

8   should have been rejected outright – such as borrowers' incomes that seemed inflated or

9   documents that looked fake – but the problems were glossed over, ignored or stricken from

10   reports." Moreover, while underwriters would have sought to have Clayton review 25-40% of

11   loans in a pool that was going to be securitized earlier in the decade, by 2006 the typical

12   percentage of loans reviewed for due diligence purposes was just 10%.

13                **FALSE AND MISLEADING STATEMENTS**

14        61.    The Registration Statements were prepared by MLMI and signed by the

15   Individual Defendants. At the effective date of the offering of the Certificates, a final Prospectus

16   Supplement was filed with the SEC which contained a description of the mortgage pool

17   underlying the Certificates and the underwriting standards by which the mortgage loans were

18   originated, and MLMI sold the Certificates pursuant to the Prospectus Supplements set forth

19   above at ¶22, which incorporated by reference the Prospectuses and the Registration Statements.

20        62.    The Registration Statements and Prospectus Supplements contained disclosures

21   about the standards purportedly used to underwrite the mortgages in the Trusts, and the

22   adherence of the mortgage loan originators to these stated underwriting guidelines. For example,

23   the Registration Statements stated:

24              All of the mortgage loans were ... underwritten in accordance with
              [Merrill Lynch Credit Corporation] underwriting guidelines as in
25              effect at the time of origination. On the closing date, [Merrill
              Lynch Credit Corporation] will sell all its interest in the mortgage
26              loans to the depositor.

27

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C,
P. 114

1                              *        *        *

2          The Mortgage Loans have been acquired by the Seller from
           [MLCC] in the ordinary course of its business. All of the Mortgage
3          Loans were underwritten substantially in accordance with the
           [MLCC] underwriting criteria specified herein.
4

5      63.    These statements were materially false and misleading when made because, as set

6   forth above, MLMI did not perform sufficient due diligence to determine the underwriting

7   standards employed to originate the mortgages, had "materially lowered its underwriting

8   standards" so that it "had access to a greater number of subprime mortgages," and securitized

9   subprime loans that were originated with non-conforming underwriting standards and lax credit

10  standards.

11     64.    The Registration Statements also contained disclosures about the loan-to-value

12  ratios, purportedly generated by independent appraisal of the underlying properties supporting

13  the mortgages.  For example, the Amended Registration Statements stated:

14         The "Loan-to-Value Ratio" of a Mortgage Loan at any given time
           is the ratio (expressed as a percentage) of the then outstanding
15         principal balance of the Mortgage Loan plus the principal balance
           of any senior mortgage loan to the Value of the related Mortgaged
16         Property. If specified in the related Prospectus Supplement, the
           Loan-to-Value Ratio of certain Mortgage Loans may exceed 100%.
17         The "Value" of a Mortgaged Property, other than with respect to
           Refinance Loans, is generally the lesser of:
18

19         (a)     the appraised value determined in an appraisal obtained by
20                 the originator at origination of such loan and

21         (b)     the sales price for such property.

22     65.    Similarly, with respect to the LTV ratios, and the generation of the LTV ratios of

23  the mortgage loans, the Prospectuses uniformly stated:

24         The "Loan-to-Value Ratio" of a Mortgage Loan at any given time
           is the ratio (expressed as a percentage) of the then outstanding
25         principal balance of the Mortgage Loan plus the principal balance
           of any senior mortgage loan to the Value of the related Mortgaged
26         Property. If specified in the related Prospectus Supplement, the
           Loan-to-Value Ratio of certain Mortgage Loans may exceed 100%.
27

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,              28              Barroway Topaz Kessler Meltzer &
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933                                      Check, LLP
                                                                       2125 Oak Grove Road, Suite 120-
                                                                          Walnut Creek, CA 94598
                                                                         Telephone (925) 945-0770

                              Exhibit   C ,
                              P.  115

> The "Value" of a Mortgaged Property, other than with respect to Refinance Loans, is generally the lesser of:
>
> (a) the appraised value determined in an appraisal obtained by the originator at origination of such loan and
>
> (b) the sales price for such property.
>
> *"Refinance Loans"* are loans made to refinance existing loans. Unless otherwise set forth in the related Prospectus Supplement, the Value of the Mortgaged Property securing a Refinance Loan is the appraised value thereof determined in an appraisal obtained at the time of origination of the Refinance Loan. The Value of a Mortgaged Property as of the date of initial issuance of the related series of Certificates may be less than the value at origination and will fluctuate from time to time based upon changes in economic conditions and the real estate market.

*See, e.g.,* Prospectus for Asset Backed Certificates, at 8 (Jan. 18, 2006); Prospectus for Asset Backed Certificates, at 9 (March 31, 2006); Prospectus for Asset Backed Certificates, at 9 (Sept. 8, 2006); Prospectus for Asset Backed Certificates, at 9 (Feb. 20, 2007); Prospectus for Asset Backed Certificates, at 9 (March 22, 2007); and Prospectus for Asset Backed Certificates, at 9 (May 15, 2007). These statements were incorporated by reference into the Prospectus Supplements subsequently filed for each of Trusts that were issued pursuant to the January 18, 2006 Prospectus, *See e.g.,* Merrill Lynch Mortgage Investors Trust, Series MLCC 2006-1 Prospectus Supplement (Form 424B5) (Feb. 24, 2006),[2] to the March 31, 2006 Prospectus, *See* Ownit Mortgage Loan Trust, Series 2006-3 Prospectus Supplement (April 11, 2006),[3] to the

---

[2]     The Prospectus Supplements incorporating the January 31, 2006 Prospectus by reference necessarily contained the same language. *See* Prospectus Supplement for Ownit Mortgage Loan Trust, Series 2006-1 (Form 424B5) (Jan 27, 2006); Prospectus Supplement for Ownit Mortgage Loan Trust, Series 2006-2 (Form 424B5) (March 7, 2006); Prospectus Supplement for Specialty Underwriting and Residential Finance Trust, Series 2006-AB1 (Form 424B5) (Feb. 22, 2006); Prospectus Supplement for Specialty Underwriting and Residential Finance Trust, Series 2006-BC1 (Form 424B5) (Feb. 16, 2006); and Prospectus Supplement for Specialty Underwriting and Residential Finance Trust, Series 2006-BC2 (Form 424B5) (March 28, 2006).

[3]     The Prospectus Supplements incorporating the March 31, 2006 Prospectus by reference necessarily contained the same language. *See* Prospectus Supplement for Merrill Lynch Mortgage Investors Trust, Series MLCC 2006-2 (Form 424B5) (April 26, 2006); Prospectus

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

29

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit __C__ ,
P. 116

1   September 8, 2006 Prospectus, *See* First Franklin Mortgage Loan Trust, Series 2006-FF18

2   Prospectus Supplement (Dec. 22, 2006),[4] to the February 20, 2007 Prospectus, *See* First

3   Franklin Mortgage Loan Trust, Series 2007-FF2 (Feb. 27, 2007),[5] to the March 22, 2007

4   Prospectus, *See* Specialty Underwriting and Residential Finance Trust, Series 2007–AB1

5

6

7

---

8   Supplement for Ownit Mortgage Loan Trust, Series 2006-4 (Form 424B5) (June 22, 2006);
Prospectus Supplement for Ownit Mortgage Loan Trust, Series 2006-5 (Form 424B5) (July 25,
9   2006); Prospectus Supplement for Specialty Underwriting and Residential Finance Trust, Series
10  2006-AB2 (Form 424B5) (May 26, 2006); and Prospectus Supplement for Specialty
Underwriting and Residential Finance Trust, Series 2006-BC3 (Form 424B5) (June 22, 2006).

11

12  [4]     The Prospectus Supplements incorporating the Sept. 8, 2006 Prospectus by reference
necessarily contained the same language.   *See* Prospectus Supplement for First Franklin
13  Mortgage Loan Trust, Series 2007-FF1 (Form 424B5) (Jan. 24, 2007); Prospectus Supplement
for First Franklin Mortgage Loan Trust, Series 2007-FFA (Form 424B5) (Feb. 7, 2007);
14  Prospectus Supplement for Merrill Lynch Mortgage Investors Trust, Series 2006-FF1 (Form
424B5) (Dec. 21, 2006); Prospectus Supplement for Merrill Lynch Mortgage Investors Trust,
15  Series MLCC 2007-1 (Form 424B5) (Jan. 26, 2007); Prospectus Supplement for Merrill Lynch
Mortgage Investors Trust, Series MLCC 2006-3 (Form 424B5) (Oct. 25, 2006); Prospectus
16  Supplement for Ownit Mortgage Loan Trust, Series 2006-6 (Form 424B5) (Sept. 21, 2006);
Prospectus Supplement for Ownit Mortgage Loan Trust, Series 2006-7 (Form 424B5) (Nov. 1,
17  2006); Prospectus Supplement for Specialty Underwriting and Residential Finance Trust, Series
2007-BC1 (Form 424B5) (Jan. 23, 2007); Prospectus Supplement for Specialty Underwriting
18  and Residential Finance Trust, Series 2006-AB3 (Form 424B5) (Sept. 22, 2006); Prospectus
Supplement for Specialty Underwriting and Residential Finance Trust, Series 2006-BC4 (Form
19  424B5) (Sept. 25, 2006); and Prospectus Supplement for Specialty Underwriting and Residential
20  Finance Trust, Series 2006-BC5 (Form 424B5) (Nov. 22, 2006).

21

22  [5]     The Prospectus Supplements incorporating the Feb. 20, 2007 Prospectus by reference
necessarily contained the same language.   *See* Prospectus Supplement for Merrill Lynch
23  Mortgage Investors Trust, Series 2007-HE1 (Form 424B5) (March 7, 2007).

24

25

26

27

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933                30                Barroway Topaz Kessler Meltzer &
                                                                                Check, LLP
                                                                                2125 Oak Grove Road, Suite 120
                                                                                Walnut Creek, CA 94598
                                                                                Telephone (925) 945-0770

Exhibit C
P. 117

1  (March 22, 2007),[6] and to the May 15, 2007 Prospectus, *See* Merrill Lynch First Franklin

2  Mortgage loan Trust, Series 2007-3 (May 29, 2007).[7]

3      66.    The statements in ¶¶64-65 were false and misleading because, as discussed more

4  fully herein, appraisals conducted on collateralized properties were either never performed, or

5  were artificially inflated, the loan-to-value ratio, and therefore the value of the underlying

6  mortgage collateral, was significantly lower and the risk of mortgage defaults was significantly

7  greater than what was disclosed to investors.

8      **DEFENDANTS' MISREPRESENTATIONS HARMED PLAINTIFFS**

9

10      67.    The risks Defendants concealed from the Plaintiff and members of the Class were

11  revealed through increasing default rates on the Trusts' mortgage pools and mounting losses

12  incurred on the Trusts' individual tranches. These defaults and increased losses exceeded

13  expected rates of default on the mortgage pools included in the Trusts and, as a result, have led to

14  diminishing value of the Certificates.  As set forth below, rating agencies have downgraded the

15  Certificates issued by the Trusts in response to the mounting losses suffered by the Trusts.

16    [6]    The Prospectus Supplements incorporating the March 22, 2007 Prospectus by reference

17  necessarily contained the same language. *See* Prospectus Supplement for Merrill Lynch First
Franklin Mortgage Loan Trust, Series 2007-1 (Form 424B5) (March 26, 2007); Prospectus

18  Supplement for Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-2 (Form 424B5)
(April 25, 2007); Prospectus Supplement for Merrill Lynch Mortgage Investors Trust, Series

19  2007-HE2 (Form 424B5) (March 29, 2007); and Prospectus Supplement for Specialty
Underwriting and Residential Finance Trust, Series 2007-BC2 (Form 424B5) (April 23, 2007).

20

21    [7]    The Prospectus Supplements incorporating the May 15, 2007 Prospectus by reference
necessarily contained the same language.  *See* Prospectus Supplement for First Franklin

22  Mortgage Loan Trust, Series 2007-FFC (Form 424B5) (May 25, 2007); Prospectus Supplement
for Merrill Lynch Alternative Note Asset Trust, Series 2007-OAR5 (Form 424B5) (Oct. 30,

23  2007); Prospectus Supplement for Merrill Lynch First Franklin Mortgage Loan Trust, Series
2007-4 (Form 424B5) (June 25, 2007); Prospectus Supplement for Merrill Lynch First Franklin

24  Mortgage Loan Trust, Series 2007-5 (Form 424B5) (Oct. 9, 2007); Prospectus Supplement for
Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-A (Form 424B5) (Sept. 6, 2007);

25  Prospectus Supplement for Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-H1
(Form 424B5) (Oct. 9, 2007); Prospectus Supplement for Merrill Lynch Mortgage Investors

26  Trust, Series MLCC-2 (Form 424B5) (May 29, 2007); and Prospectus Supplement for Merrill

27  Lynch Mortgage Investors Trust, Series MLCC 2007-3 (Form 424B5) (Aug. 27, 2007).

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933
31
Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C
P. 118

68.     For the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-FF1, as of December 5, 2008, both Moody's and Standard & Poor's ("S&P") downgraded at least 14 tranches by multiple ratings levels.

69.     For the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-FF2, as of December 5, 2008, both Moody's and S&P downgraded at least 16 tranches by multiple levels.

70.     For the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-FFA, as of December 5, 2008, both Moody's and S&P have downgraded at least 13 tranches by multiple ratings levels.

71.     For the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-FFC, as of December 5, 2008, both Moody's and S&P have downgraded at least 12 tranches by multiple ratings levels.

72.     For the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2006-FF18, as of December 5, 2008, both Moody's and S&P have downgraded at least 13 tranches by multiple ratings levels.

73.     For the Merrill Lynch Alternative Loan Asset Trust Series 2007-OAR5, as of December 5, 2008, Fitch has downgraded at least 7 tranches by multiple rating levels.

74.     For the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-1, as of December 5, 2008, both Moody's and S&P have downgraded at least 12 tranches by multiple ratings levels.

75.     For the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-2, as of December 5, 2008, both Moody's and S&P have downgraded at least 11 tranches by multiple ratings levels.

76.     For the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-3, as of December 5, 2008, both Moody's and S&P have downgraded at least 16 tranches by multiple ratings levels.

Barroway Topaz Kessler Meltzer & Check, LLP
2125 Oak Grove Road, Suite 120.
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C,
P. 119



77.     For the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-4, as of December 5, 2008, both Moody's and S&P have downgraded at least 11 tranches by multiple ratings levels.

78.     For the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-5, as of December 5, 2008, Moody's had downgraded 7 tranches of the trust.

79.     For the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-A, as of December 5, 2008, Moody's had downgraded 7 tranches of the trust.

80.     For the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-H1, as of December 5, 2008, Moody's had downgraded 3 tranches of the trust.

81.     For the Merrill Lynch Mortgages Investors Trust, Mortgage Loan Asset-Backed Certificates Series 2007-HE1, as of December 5, 2008, both Moody's and S&P have downgraded at least 15 tranches by multiple ratings levels.

82.     For the Merrill Lynch Mortgages Investors Trust, Mortgage Loan Asset-Backed Certificates Series 2007-HE2, as of December 5, 2008, both Moody's and S&P have downgraded at least 14 tranches by multiple ratings levels.

83.     Merrill Lynch Mortgages Investors Trust, Mortgage Loan Asset-Backed Certificates Series 2006-FF1 as of December 5, 2008, both Moody's and S&P have downgraded at least 16 tranches by multiple levels.

84.     For the Merrill Lynch Mortgages Investors Trust, Series MLCC 2006-1, as of December 5, 2008, Moody's had downgraded 1 tranche of the trust.

85.     For the OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-1, as of December 5, 2008, Moody's and S&P collectively downgraded at least 15 of the tranches by multiple levels.

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

33

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120,
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit _C_,
P. 120

86.     For the OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-2, as of December 5, 2008, Moody's and S&P collectively downgraded at least 5 of the tranches by multiple levels.

87.     For the OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-3, as of December 5, 2008, Moody's and S&P collectively downgraded at least 7 the tranches by multiple levels.

88.     For the OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-4, as of December 5, 2008, Moody's and S&P collectively downgraded at least 11 of the tranches by multiple levels.

89.     For the OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-5, as of December 5, 2008, Moody's and S&P collectively downgraded at least 5 of the tranches by multiple levels.

90.     For the OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-6, as of December 5, 2008, Moody's downgraded at least 2 of the tranches by multiple levels.

91.     For the OWNIT Mortgage Loan Asset-Backed Certificates Series 2006-7, as of December 5, 2008, Moody's downgraded at least 3 of the tranches in 2008.

92.     For the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2007-AB1, as of December 5, 2008, both Moody's and S&P have downgraded at least 7 tranches by multiple ratings levels.

93.     For the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2007-BC1, as of December 5, 2008, Moody's has downgraded 3 tranches by multiple ratings levels.

94.     For the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2007-BC2, as of December 5, 2008, both Moody's and S&P have downgraded at least 2 tranches by multiple ratings levels.

Exhibit  C ,
P. 121

95.     For the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-AB1, as of December 5, 2008, both Moody's and S&P have downgraded at least 9 tranches by multiple ratings levels.

96.     For the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-AB2, as of December 5, 2008, both Moody's and S&P have downgraded at least 14 tranches by multiple ratings levels.

97.     For the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-AB3, as of December 5, 2008 Moody's has downgraded at least 4 tranches by multiple ratings levels.

98.     For the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-BC1, as of December 5, 2008, Moody's has downgraded at least 3 tranches by multiple ratings levels.

99.     For the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-BC2, as of December 5, 2008, Moody's and S&P have downgraded at least 4 of the tranches in the trust.

100.    For the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-BC3, as of December 5, 2008, Moody's has downgraded at least 3 tranches by multiple ratings levels.

101.    For the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-BC4, as of December 5, 2008, Moody's has downgraded at least 6 tranches by multiple ratings levels.

102.    For the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-BC5, as of December 5, 2008, Moody's has downgraded at least 3 tranches by multiple levels.

103.    As a direct and proximate cause of the false and misleading statement issued by the Defendants in offering the Trusts' securities, which concealed material facts concerning Defendants' deviation from disclosed underwriting standards and the inflated value of the

Barroway Topaz Kessler Meltzer & Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C
P. 122



1   properties that collateralized the mortgages in the Trusts, Plaintiffs and Class members were

2   damaged thereby.

3   **PLAINTIFFS' CLASS ACTION ALLEGATIONS**

4      104.   Plaintiffs bring this action as a class action pursuant to California Code of Civil

5   Procedure § 382 on behalf of all persons and entities who purchased or otherwise acquired

6   Certificates pursuant or traceable to the Registration Statements MLMI filed with the SEC on

7   August 5, 2005, December 21, 2005, and February 2, 2007, as subsequently amended, and who

8   were damaged thereby (the "Class").

9      105.   Excluded from the Class are Defendants, their officers and directors at all relevant

10   times, members of their immediate families and their legal representatives, heirs, successors or

11   assigns, any entity in which Defendants have or had a controlling interest, and any subsidiaries,

12   affiliates, or related entities of any Defendant.

13      106.   The members of the Class are so numerous that joinder of all members is

14   impracticable. While the exact number of Class members is unknown to Plaintiffs at this time

15   and can only be ascertained through appropriate discovery, Plaintiffs believe that there are

16   thousands of members in the proposed Class.

17      107.   Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs and all

18   members of the Class purchased the Certificates pursuant to a Registration Statement or

19   Prospectuses and have sustained damages as a result of the wrongful conduct complained of

20   herein.

21      108.   Common questions of law and fact exist as to all members of the Class and

22   predominate over any questions affecting individual members of the Class. Among the questions

23   of law and fact common to the Class are:

24           (a)    Whether the federal securities laws were violated by the
Defendants' acts and omissions as alleged herein;

25

26           (b)    whether the Registration Statements, Prospectuses and
Prospectus Supplements filed with the SEC contained

27                     misstatements of material facts or omitted to state material

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933       36       Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit _C_,
P. 123



facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

(c)  Whether the offering price of the Certificates was artificially inflated due to the material misrepresentations and omissions complained of herein; and

(d)  Whether Plaintiffs and Class members have sustained damages and, if so, the appropriate measure thereof.

109.  Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

110.  The names and addresses of the record owners of the Certificates purchases pursuant or traceable to the Registration Statements and Prospectus Supplements issued by Defendants may be identified from records maintained by the Defendants, and/or their transfer agent(s).  Notice can be provided to persons who purchased or otherwise acquired the Certificates by a combination of published notice and first class mail, using techniques and forms of notice similar to those customarily used in other class actions arising under state and federal securities class actions.

## CAUSES OF ACTION

### COUNT ONE

### Against MLMI, MLPFS, and the Individual Defendants for Violation of Section 11 of the Securities Act

111.  Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.  This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77$k$, on behalf of the Plaintiffs and all Class members who purchased the Certificates pursuant to or traceable to the Registration Statements prior to December 8, 2007, and who were damaged thereby.

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

37

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C
P. 124


112.   This Count is asserted against MLMI, MLPFS, and the Individual Defendants, all of whom signed the Registration Statements and were officers and/or directors of MLMI at the time.

113.   This Count is predicated upon MLMI, MLPFS, and the Individual Defendants' strict liability for making false and materially misleading statements in the Registration Statements, Prospectuses and Prospectus Supplements.

114.   The Registration Statements and each of the Prospectus Supplements were materially false and misleading and contained untrue statements of material fact and omitted to state material facts necessary to make the statement made therein, under the circumstances in which they were made, not misleading, as set forth above.

115.   None of the Defendants named in this Count made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statements and Prospectus Supplements were accurate and complete in all material respects. Had they exercised reasonable care, the Defendants named in this Count could have known of the material misstatements and omissions alleged herein.

116.   At the time they purchased the Certificates, Plaintiffs and no member of the Class knew, or by the reasonable exercise of care could have known, of the material misstatements and omissions alleged herein.

117.   In connection with the Registration Statements and offering of the Certificates, the Defendants named in this Count, directly or indirectly, used the means and instrumentalities of interstate commerce, the United States mails and a national securities exchange.

118.   This action is brought within one year after discovery of the untrue statements and omissions in the Registration Statements, the Prospectus, and Prospectus Supplements, and within three years after the Certificates were sold to Class members.

119.   Plaintiffs and the Class acquired the Certificates pursuant or traceable to the Registration Statements.

COMPLAINT FOR VIOLATIONS OF SECTIONS 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

38

Barroway Topaz Kessler Meltzer & Check, LLP
2125 Oak Grove Road, Suite 120.
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C
P. 125

120.    By reason of the misconduct alleged herein, the Defendants named in this Count violated Section 11 of the Securities Act and are liable to the Plaintiffs and the Class members who purchased or acquired the Certificates pursuant or traceable to the Registration Statements, each of whom has been damaged as a result of such violations.

## COUNT TWO

### Against MLMI and MLPFS for Violation of Section 12(a)(2) of the Securities Act

121.    Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.   This Count is brought pursuant to Section 12(a)(2) of the Securities Act, 15 U.S.C. §77*l*(a)(2) on behalf of Plaintiffs and members of the Class who purchased or otherwise acquired the Certificates pursuant to the Registration Statements, Prospectuses, and Prospectus Supplements.

122.    This Count is brought against MLMI and MLPFS, each of whom offered and sold Certificates to Class members by the use of communication in interstate commerce and/or the United States mails, by means of the Registration Statements, Prospectuses, and Prospectus Supplements.

123.    MLMI and MLPFS participated in the preparation and dissemination of the false and misleading Registration Statement, Prospectuses, and Prospectus Supplements for their own financial benefit.  But for their participation in the sale of the Certificates to the investing public, including their solicitation as set forth herein, the sale of the Certificates could not and would not have been accomplished.  Specifically, MLMI and MLPFS:

   (i) Made the decision to offer the Certificates for sale to the investing public.  Defendants drafted, revised and/or approved the Registration Statements, Prospectuses, and Prospectus Supplements.  These written materials were calculated to create interest in the Certificates and were widely distributed by or on behalf of the Defendants named in this Count for that purpose;

   (ii) Finalized the Registration Statements, Prospectuses, and Prospectus Supplements, and caused them to become effective; and

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

39

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C ,
P. 126

(iii) Conceived and planned the sale of the certificates and orchestrated all activities necessary to affect the sale of the Certificates to the investing public, by issuing the Certificates, promoting the Certificates and supervising their distribution and ultimate sale to the investing public.

124. As set forth more specifically above, the Registration Statements, Prospectuses, and Prospectus Supplements contained untrue statements of material fact and omitted to state material facts necessary in order to make the statements, in light of circumstances in which they were made, not misleading.

125. Plaintiffs and the members of the Class did not know, nor could they have known, of the untruths or omissions contained in the Registration Statements, Prospectuses, and Prospectus Supplements.

126. Defendants named in this Count were obligated to make a reasonable and diligent investigation of the statements contained in the Registration Statements, Prospectuses, and Prospectus Supplements to ensure that such statements were true and that there was no omission of material fact required to be stated in order to make the statements contained therein not misleading. Defendants named in this Count did not make a reasonable investigation and did not possess reasonable grounds or the belief that the statements contained in the Registration Statements, Prospectuses, and Prospectus Supplements were accurate and complete in all material respects. Had they done so, they could have known of the material misstatements and omissions alleged herein.

127. This Count is brought within one year after the discovery of the untrue statements and omissions in the Registration Statements, Prospectuses, and Prospectus Supplements and within three years after the Certificates were sold to Plaintiffs and Class members.

128. Plaintiffs and other members of the Class purchased or otherwise acquired Certificates from MLPFS pursuant to and/or traceable to the defective Prospectuses. Plaintiffs did not know, or in the exercise of reasonable diligence could not have known, of the untruths

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

40

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit C,
P. 127

1    and omissions contained in the Registration Statements, Prospectuses, and Prospectus
2    Supplements.

3        129.    By reason of the misconduct alleged herein, the Defendants named in this Count
4    violated Section 12(a)(2) of the Securities Act and are liable to Plaintiffs and members of the
5    Class who purchased the Certificates pursuant to and/or traceable to the Registration Statement
6    and Prospectus Supplements, each of whom has been damages as a result of such violation.

7                                    **COUNT THREE**

8              **Against Merrill, MLML, and the Individual Defendants for**
              **Violation of Section 15 of the Securities Act**
9

10       130.    Plaintiffs repeat and realleges each and every allegation contained above as if set
11   forth fully herein.  This Count is brought against Merrill, MLML, and the Individual Defendants,
12   pursuant to Section 15 of the Securities Act, 15 U.S.C. §77o, on behalf of Plaintiffs and members
13   of the Class who purchased or otherwise acquired the Certificates pursuant to the Registration
14   Statement and Prospectus Supplements.

15       131.    According to Merrill's Form 10-K for the year ended December 29, 2006, filed
16   with the SEC on February 26, 2007, "[i]n the normal course of business, Merrill Lynch
17   securitizes…residential mortgage loans."  Merrill utilizes special purpose entities ("SPEs") to
18   facilitate these securitization transactions. According to Merrill, its "involvement with SPEs used
19   to securitize financial assets includes: structuring and/or establishing SPEs, selling assets to
20   SPEs, managing or servicing assets held by SPEs, underwriting, distributing and making loans to
21   SPEs, making markets in securities issued by SPEs, engaging in derivative transactions with
22   SPEs, owning notes or certificates issued by SPEs, and/or providing liquidity facilities and other
23   guarantees to SPEs." *Id.*

24       132.    Merrill, MLML, and the Individual Defendants are controlling entities or persons
25   of MLMI and/or MLPFS and are liable to Plaintiffs and the members of the Class who purchased
26   the Certificates pursuant or traceable to the materially false and misleading statements and

27

---

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

41

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120..
Walnut Creek, CA 94598
Telephone (925) 945-0770

Exhibit _C_,
P. 128

1  omissions contained in the Registration Statement and Prospectus Supplements, and were

2  damaged thereby.

3      133.    This Count is asserted against Merrill, MLML, and the Individual Defendants,

4  each of whom was a control person of MLMI and/or MLPFS during the relevant time period,

5  within the meaning of Section 15 of the Securities Act, by virtue of their control, ownership,

6  offices, directorship, and specific acts.  As control persons, Merrill, MLML, and the Individual

7  Defendants had the power and influence, and exercised the same, to cause MLMI and/or MLPFS

8  to engage in the acts described herein.

9      134.    Merrill, MLML and the Individual Defendants' control, ownership and/or

10  affiliated positions made them privy to and provided them with actual knowledge of the material

11  facts concealed from Plaintiffs and members of the Class.

12      135.    By virtue of the conduct alleged herein, for which MLMI and MLPFS are

13  primarily liable, as set forth above, Merrill, MLML, and the Individual Defendants are jointly

14  and severally liable with and to the same extent as MLMI and/or MLPFS, pursuant to Section 15

15  of the Securities Act.

16      **WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

17          (a)    Determining that this action is a proper class action pursuant to California
            Code of Civil Procedure § 382;

18

19          (b)    Awarding compensatory damages in favor of Plaintiffs and the other Class
            members against all Defendants, jointly and severally, for all damages

20              sustained as a result of Defendants' wrongdoing, in an amount to be
            proven at trial, including interest thereon;

21

22          (c)    Awarding Plaintiffs and the Class their reasonable costs and expenses
            incurred in this action, including counsel fees and expert fees; and

23          (d)    Such other and further relief as the Court may deem just and proper.

24

25

26

27

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

42

Barroway Topaz Kessler Meltzer &
Check, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone (925) 945-0770


Exhibit C ,
P. 129

1

**JURY TRIAL DEMANDED**

2      Plaintiffs hereby demand a trial by jury.

3

4      Dated: December 5, 2008                    BRODSKY & SMITH, LLC

5

6                                                 By:

7                                                 Evan J. Smith (SBN 242352)

8                                                 9595 Wilshire Boulevard
                                                  Suite 900

9                                                 Beverly Hills, CA 90212
                                                  Telephone: (310) 300-8425

10                                                Facsimile: (310) 247-0160

11                                                Nicole Browning

12                                                BARROWAY TOPAZ KESSLER
                                                  MELTZER & CHECK, LLP

13                                                2125 Oak Grove Road, Suite 120
                                                  Walnut Creek, CA 94598

14                                                Telephone: (925) 945-0770

15                                                Facsimile: (925) 945-8792

16
                                                  Katharine M. Ryan
17                                                John A. Kehoe
                                                  Karen E. Reilly
18                                                Jennifer L. Keeney
                                                  (*pro hac vice* admissions forthcoming)
19                                                BARROWAY TOPAZ KESSLER
                                                  MELTZER & CHECK, LLP
20                                                280 King of Prussia Road

21                                                Radnor, PA 19087
                                                  Telephone: (610) 667-7706
22                                                Facsimile: (610) 667-7056

23
                                                  *Counsel for Plaintiffs Connecticut*
24                                                *Carpenters Pension Fund and Connecticut*
25                                                *Carpenters Annuity Fund*

26

27

COMPLAINT FOR VIOLATIONS OF SECTIONS 11,        43        Barroway Topaz Kessler Meltzer &
12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933             Check, LLP
                                                          2125 Oak Grove Road, Suite 120
                                                          Walnut Creek, CA 94598
                                                          Telephone (925) 945-0770

Exhibit C
P. 130

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 12/16/08 | | DEPT. 324 |
| HONORABLE VICTORIA CHANEY  JUDGE | I. FLORES | DEPUTY CLERK |
| HONORABLE  JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| J. LOPEZ, C.A.  Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 10:05 am | BC403282 | Plaintiff Counsel | NO APPEARANCE |
| | CONNECTICUT CARPENTERS PENSION FUND ET AL VS MERRILL LYNCH & CO INC ET AL | Defendant Counsel | NO APPEARANCE |
| | DEEMED COMPLEX: 12/16/08 | | |

NATURE OF PROCEEDINGS:

COURT ORDER:

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated complex and is reassigned to Judge WILLIAM F. HIGHBERGER in Department 307 at Central Civil West Courthouse for all further proceedings.

Notice of Initial Status Conference is to be given by the Clerk in Department 307. Until the order setting the Initial Status Conference is issued, no responsive pleadings may be filed and all discovery is stayed. Parties may file a Notice of Appearance in lieu of an answer or responsive pleading. Nothing herein stays the time for filing an affidavit of prejudice pursuant to Code of Civil Procedure Section 170.6.

Pursuant to Government Code section 70616(c), each party is ordered to pay $550.00 for complex fees, payable to Los Angeles Superior Court, within ten (10) calendar days of service of this minute order.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in the assigned department within seven (7) days of service.

Page   1 of   3   DEPT. 324

MINUTES ENTERED
12/16/08
COUNTY CLERK

Exhibit C
P. 131

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 12/16/08 | | | DEPT. 324 |
|---|---|---|---|
| HONORABLE VICTORIA CHANEY | JUDGE | I. FLORES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| J. LOPEZ, C.A. | Deputy Sheriff | NONE | Reporter |

| 10:05 am | BC403282 | | |
|---|---|---|---|
| | | Plaintiff Counsel | NO APPEARANCE |
| | CONNECTICUT CARPENTERS PENSION FUND ET AL VS MERRILL LYNCH & CO INC ET AL | Defendant Counsel | NO APPEARANCE |
| | DEEMED COMPLEX: 12/16/08 | | |

**NATURE OF PROCEEDINGS:**

Any party objecting to the complex designation must
file an objection and proof of service in Department
324 within ten (10) days of service of this minute
order.  Any response to the objection must be filed in
Department 324 within seven (7) days of service of the
objection.  This Court will make its ruling on the
submitted pleadings.

```
             CLERK'S CERTIFICATE OF MAILING/
               NOTICE OF ENTRY OF ORDER
```

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
12/16/08, upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 12/16/08

John A. Clarke, Executive Officer/Clerk


By: _____
          I. Flores, Deputy Clerk

Page    2 of    3    DEPT. 324

```
MINUTES ENTERED
12/16/08
COUNTY CLERK
```

Exhibit C ,
P. 132

TOTAL P.012

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 12/16/08                                                           DEPT. 324

HONORABLE VICTORIA CHANEY          JUDGE    I. FLORES          DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR

        J. LOPEZ, C.A.            Deputy Sheriff  NONE                  Reporter

---

10:05 am  BC403282                      Plaintiff    NO APPEARANCE
                                        Counsel
          CONNECTICUT CARPENTERS PENSION
            FUND ET AL                  Defendant   NO APPEARANCE
          VS                            Counsel
          MERRILL LYNCH & CO INC ET AL

          DEEMED COMPLEX: 12/16/08

---

NATURE OF PROCEEDINGS:


          BRODSKY & SMITH, LLC
          EVAN J. SMITH
          9595 Wilshire Boulevard, Suite 900
          Beverly Hills, CA    90212


          BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP
          NICOLE BROWNING
          2125 Oake Grove Road, Suite 120
          Walnut Creek, CA    94598


          BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP
          KATHARINE M. RYAN
          JOHN A. KEHOE
          KAREN E. REILLY
          JENNIFER L. KEENEY
          280 King of Prussia Road
          Radnor, PA   19087



                     Page   3 of   3   DEPT. 324

```
MINUTES ENTERED
12/16/08
COUNTY CLERK
```

P.012                                              JAN-20-2009  17:22

Exhibit C
P. 133

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 01/14/09 | | DEPT. 307 |
| HONORABLE WILLIAM F. HIGHBERGER      JUDGE | K. KRYSTKIEWICZ | DEPUTY CLERK |
| HONORABLE #5                         JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| C. CONCEPCION, C.A.      Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 3:00 pm | BC403282 | Plaintiff Counsel |
| | | NO APPEARANCES |
| | CONNECTICUT CARPENTERS PENSION FUND ET AL | Defendant Counsel |
| | VS | |
| | MERRILL LYNCH & CO INC ET AL | |
| | DEEMED COMPLEX: 12/16/08 | |

**NATURE OF PROCEEDINGS:**

ORDER SETTING INITIAL STATUS CONFERENCE

This case has been assigned to Department 307,
Central Civil West Courthouse, for all further
purposes.

The Court sets an Initial Status Conference on
February 19, 2009, at 9:00 a.m. in Department 307.

The Court makes further orders pursuant to the
Initial Status Conference Order as signed and filed
this date.

Counsel for plaintiff is to serve a copy of this
minute order as well as the attached Initial Status
Conference on all parties and file proof thereof
directly in Department 307.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled Court, do hereby certify that I am
not a party to the cause herein, and that this date
I served Notice of Entry of the above minute order
of 01/14/09 upon each party or counsel named below
by depositing in the United States mail at the

Page   1 of   2   DEPT. 307

```
MINUTES ENTERED
01/14/09
COUNTY CLERK
```

P.008

JAN-20-2009 17:22

Exhibit C
P. 134

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/14/09 | DEPT. 307 |

| | | | | |
|---|---|---|---|---|
| HONORABLE WILLIAM F. HIGHBERGER | JUDGE | K. KRYSTKIEWICZ | DEPUTY CLERK | |
| HONORABLE #5 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR | |
| C. CONCEPCION, C.A. | Deputy Sheriff | NONE | Reporter | |

| | | |
|---|---|---|
| 3:00 pm | BC403282 | Plaintiff Counsel |
| | CONNECTICUT CARPENTERS PENSION FUND ET AL | NO APPEARANCES |
| | VS | Defendant Counsel |
| | MERRILL LYNCH & CO INC ET AL | |
| | DEEMED COMPLEX: 12/16/08 | |

**NATURE OF PROCEEDINGS:**

courthouse in Los Angeles, California, one copy of
the original entered herein in a separate sealed
envelope for each, addresses as shown below with the
postage thereon fully prepaid.

Date: January 14, 2009

John A. Clarke, Executive Officer/Clerk


By: _____
        K. Krystkiewicz, Deputy


EVAN J. SMITH, ESQ.
BRODSKY & SMITH, LLC
9595 WILSHIRE BLVD., SUITE 900
BEVERLY HILLS, CA  90212

Page   2 of   2   DEPT. 307

MINUTES ENTERED
01/14/09
COUNTY CLERK

Exhibit C
P. 135

ORIGINAL FILED

FILED
JAN 14 2009
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

LOS ANGELES
SUPERIOR COURT JAN 14 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
KATHERINE KRYSTKIEWICZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| CONNECTICUT CARPENTERS PENSION FUND, ET AL. | Case No.:  BC403282 |
|  | **INITIAL STATUS CONFERENCE ORDER** |
| Plaintiffs, | Complex Litigation Program |
| vs. | The Honorable William F. Highberger |
| MERRILL LYNCH & CO., INC., ET AL. | Department 307 |
| Defendants. |  |

An initial Status Conference is set for  February 19, 2009  at  9:00 a.m.  in Department 307, Central Civil West Courthouse, located at 600 S. Commonwealth Avenue, Los Angeles, CA   90005.   Counsel for all parties are ordered to attend the Initial Status Conference.

To facilitate the orderly conduct of discovery and motions brought before this court, no responsive pleadings or motions may be filed prior to the Initial Status Conference and all discovery (including the time to respond to pending discovery demands) is stayed. This stay is

- 1 -

INITIAL STATUS CONFERENCE ORDER

Exhibit  C
P.  136

1   not intended to preclude the parties from exchanging documents and information informally to

2   assist the initial evaluation process. Parties should file a Notice of Appearance in lieu of an

3   answer or other responsive pleading.  Nothing herein stays the time for filing an affidavit of

4   prejudice pursuant to Code of Civil Procedure Section 170.6.

5        Prior to the Initial Status Conference, counsel for all parties are ordered to meet and

6   confer in person (no later than 10 days before the Conference) and discuss the following

7   areas.  Additionally, counsel shall be prepared to discuss these issues with this court at the

8   Initial Status Conference.

9        1.    Parties and the addition of parties;

10       2.    Claims and defenses;

11       3.    Consideration of any issues of recusal or disqualifications;

12       4.    Issues of law that, if considered by the court, may simplify or further resolution of

13             the case;

14       5.    Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation,

15             mandatory settlement conference, arbitration, mini-trial, etc.);

16       6.    A plan for preservation of evidence;

17       7.    A plan for disclosure and discovery;

18       8.    Whether it is possible to plan "staged discovery" so that information needed to

19             conduct meaningful ADR is obtained early in the case, allowing the option to

20             complete discovery if the ADR effort is unsuccessful;

21       9.    A target trial date;

22       10.   Whether a structure of representation such as liaison/lead counsel is appropriate

23             for the case in light of multiple plaintiffs and/or multiple defendants;

24       11.   Procedures for the drafting of a Case Management Order, if appropriate;

25

INITIAL STATUS CONFERENCE ORDER

Exhibit C

P. 137

12. Any issues involving the protection of evidence and confidentiality;

13. The handling of any potential publicity issues;

14. The creation of a single master file for the litigation to eliminate the need for multiple filings of similar documents when related cases have common parties; and

15. Whether it is appropriate to reduce the number of parties upon whom service of documents must be made.

Counsel for plaintiff is to take the lead in preparing a Joint Initial Status Conference Report to be filed three court days prior to the Initial Status Conference. It shall address:

1. A list of all parties and counsel;

2. A statement as to whether additional parties are likely to be added and a proposed date by which all parties much be served;

3. An outline of the claims and cross-claims and the parties against whom each claim is asserted;

4. Service lists and procedures for efficient service filing;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case;

6. Applicability and enforceability of arbitration clauses;

7. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;

8. A description of core factual and legal issues;

9. A description of legal issues that, if decided by the court, may simplify or further resolution of the case;

INITIAL STATUS CONFERENCE ORDER

Exhibit C
P. 138

10.   Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations on discovery;

11.   Any issues which need to be addressed regarding discovery of electronically stored information;

12.   Whether particular documents relevant to the case can be exchanged by agreement of the parties.  Whether information concerning relevant witnesses can be exchanged by agreement of the parties.

13.   The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

14.   For insurance coverage cases and construction defect cases, an insurance coverage chart listing all insurance, including the names of the insured and insurance company, effective dates of the policy, policy limits, amount of monies previously paid out on the policy, whether the policy limits have been exhausted, and whether the policy is primary, umbrella, etc;

15.   A proposed discovery cut-off date; and

16.   A target date and a time estimate for trial.

To the extent the parties are unable to agree, the positions of each party or of various parties shall be set forth separately in the Joint Report.

Counsel are reminded of their responsibility to file a notice of related cases pursuant to California Rule of Court 3.300(b) and Los Angeles County Superior Court Rule 7.3(f).  Related cases include cases pending in other counties and in federal court. (*See* California Rule of Court 3.300(b).)  These rules establish a duty that continues throughout the course of the litigation. (*See, e.g.,* California Rule of Court 3.300(f).)

-4-

INITIAL STATUS CONFERENCE ORDER

Exhibit C
P. 139

1    IT IS SO ORDERED.

2

3                    1/14/09

4    DATED:                              _____
                                          WILLIAM F. HIGHBERGER
5                                         Judge of the Superior Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 5 -

INITIAL STATUS CONFERENCE ORDER

Exhibit C,
P. 140

LAW OFFICES

# BRODSKY & SMITH, LLC

9595 WILSHIRE BLVD., SUITE 900
BEVERLY HILLS, CA 90212
—
310.300.8425
FAX 310.247.0160
www.brodsky-smith.com

PENNSYLVANIA OFFICE
TWO BALA PLAZA, SUITE 602
BALA CYNWYD, PA 19004
610.667.6200

NEW YORK OFFICE
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
516.741.4977

NEW JERSEY OFFICE
1040 KINGS HIGHWAY NORTH, STE. 601
CHERRY HILL, NJ 08034
856.795.7250

January 30, 2009

TO ALL PARTIES AND/OR COUNSEL ON
ATTACHED SERVICE LIST:

> **Re:** _**Connecticut Carpenters Pension Fund, et. al. v. Merrill Lynch & Co.
> et . al., BC403282.**_

Dear Counsel, Corporate and Individual Defendants:

   As you are aware, I am Plaintiffs' counsel in the above referenced matter.  The
Complaint in this matter was either 1) served upon you as registered agent authorized to
accept service on behalf of one of the Defendants, 2) personally served upon you, or 3)
served upon you at your residence or employment and given to someone authorized to
accept documents at that location.  On January 26, 2009, I sent you the Court's Order
Setting Initial Status Conference for February 19, 2009 at 9:00 AM in Department 307,
located at 600 S. Commonwealth Avenue, Los Angeles, CA 90005 in front of Judge
William F. Highberger.

   At this time, I am writing to advise that, in light of service recently being
effectuated upon all parties, all counsel not having entered an appearance, and the number
of parties and counsel spanning several states, the Court has granted Plaintiff's verbal
request to the deputy clerk to postpone the February 19, 2009 conference.  **The new
scheduled date is March 17, 2009 at 1:30 PM PST**.  The Court has also granted
Plaintiff's verbal request to the deputy clerk to permit the parties to meet and confer
telephonically (as opposed to the required in person meet and confer) regarding the
preparation of the Joint Initial Case Management Conference Statement.

   In this regard, kindly contact us to schedule a time in which to discuss the case
management of this case.  This meet and confer has to take place no later than 10 days

Exhibit C
P. 141

before this conference and a Joint Initial Status Conference Report has to be filed no later than 3 court days prior to the hearing.

Very truly yours,

Evan J. Smith

EJS/jf
Enclosure
cc.    Karen Reilly, Esquire
        Los Angeles Superior Court, Department 307
        Skadden Arps

Exhibit ___C___,
P. __142__

MERRILL LYNCH & CO., INC.
Attn: General Counsel
250 Vessey St., 8th Floor
4 World Financial Center
New York, NY 10080

MERRILL LYNCH MORTGAGE INVESTORS, INC.;
Attn: General Counsel
250 Vessey St., 8th Floor
4 World Financial Center
New York, NY 10080

MERRILL LYNCH, PIERCE, FENNER & SMITH INC.
c/o CT Corporation System
818 W. Seventh St.
Los Angeles, CA 90017

MERRILL LYNCH MORTGAGE LENDING INC.
c/o CT Corporation System
818 W. Seventh St.
Los Angeles, CA 90017

MERRILL LYNCH CREDIT CORPORATION
c/o CT Corporation System
818 W. Seventh St.
Los Angeles, CA 90017

MATTHEW WHALEN
Mariner Investment Group
500 Mamaroneck Avenue
Harrison, NY 10528

MATTHEW WHALEN
43 Central Avenue
Glen Rock, NJ 07452

BRIAN T. SULLIVAN
Merrill Lynch
250 Vessey St., 8th Floor
4 World Financial Center
New York, NY 10080

MICHAEL M. McGOVERN
Merrill Lynch
250 Vessey St., 8th Floor
4 World Financial Center
New York, NY 10080

Exhibit C,
P. 143

MICHAEL M. MCGOVERN
308 Garfield Place
Brooklyn, NY 11215

DONALD C. HAN
Merrill Lynch
250 Vessey St., 8th Floor
4 World Financial Center
New York, NY 10080

DONALD C. HAN
38-08 223 St.
Bayside, NY 11361

PAUL PARK
Mariner Investment Group
500 Mamaroneck Avenue
Harrison, NY 10528

PAUL PARK
968 Lily Pond Lane
Franklin Lakes, NJ 07417

Skadden Aarps
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071

Exhibit C ,
P. 144